[Civ. No. 41397. First Dist., Div. Three. Nov. 22, 1977.]

MARVIN F., a Minor, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

James C. Hooley, Public Defender, Michael G. Gordon, Robert J. Beles and Jay Gaskill, Assistant Public Defenders, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg, Gloria F. DeHart and Jamie Jacobs-May, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**SCOTT, Acting P. J.**—The issue raised by Marvin F., a minor, is whether an agreement entered into between the Alameda County Probation Department and the Alameda County District Attorney, establishing a procedure for the filing of petitions under Welfare and Institutions Code section 602,[1] is in conflict with the statutory scheme.

The portion of the agreement relevant here, and challenged by petitioner, provides that when a police officer requests that the district attorney review the report of an alleged misdemeanor offense, which if found to be true would bring the minor within the provisions of section 602,[2] the juvenile probation department is obliged to refer the case to the

---

[1]Unless otherwise indicated, all statutory references are to the Welfare and Institutions Code.

[2]Section 602 provides: "Any person who is under the age of 18 years when he violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

prosecuting attorney for his review. The Alameda County Police Officers Association participated in the negotiations leading to the agreement. The agreement was apparently prompted by the 1976 changes in the juvenile law vesting the prosecuting attorney rather than the probation department with responsibility for commencing wardship proceedings. (§ 650, subd. (b).)[3]

(▮▮▮ Marvin F. contends that the agreement conflicts with the provisions of sections 653, 654 and 655, which set forth the procedure to commence proceedings to declare a minor a ward of the court under the provisions of section 602. In particular, he contends that he is denied the independent judgment and discretion of the probation officer in the proceedings leading to the filing of the section 602 petition.

The resolution of this issue turns on whether the prosecuting attorney has the same discretion to file a petition to declare a minor a ward as he exercises in the filing of criminal complaints. (▮▮▮ Put another way, respondent contends that the prosecuting attorney has the sole and exclusive discretion to file a petition in any case, even if it were not forwarded by the probation officer or appealed by the applicant. If he has such discretion, the statute is merely to organize the intake process for the prosecuting attorney, in which event the deviation from that procedure in the instant case loses its significance. We conclude that he does not have such discretion. Juvenile matters are only properly before the prosecuting attorney for the exercise of his discretion of whether to file a wardship petition if the probation officer causes an affidavit requesting the commencement of such proceedings to be taken to the prosecuting attorney, *or* an applicant for the commencement of such proceedings presents a timely request to the prosecuting attorney for a review of a probation officer's decision not to take such affidavit to the prosecuting attorney.

Marvin F. was arrested by a police officer for loitering about a junior high school in violation of Penal Code section 653g. The intake juvenile probation officer, upon receipt of the arresting officer's report which noted a request for a "D.A. review," felt obliged to present the matter to the prosecuting attorney. The intake officer stated that had she been left to her own discretion she would not have requested that a wardship

---

[3]Section 650, subdivision (b) provides: "A proceeding in the juvenile court to declare a minor a ward under Section 602 of the court is commenced by the filing with the court, by the prosecuting attorney as petitioner, of a petition, in conformity with the requirements of this article."

petition be filed, but instead would have handled the case informally pursuant to section 654. She believed, however, that she lacked discretion under the agreement to do other than forward the matter to the prosecuting attorney for mandatory review. A petition was filed by the prosecuting attorney, alleging that Marvin F. violated Penal Code section 602, subdivision (j) (trespass). The court denied the minor's motion to dismiss. By his petition here for a writ of mandamus, petitioner requests that we direct a dismissal of the juvenile court proceedings.

Section 653 sets forth the procedure for commencing section 602 wardships. The section provides: "Whenever any person applies to the probation officer to commence proceedings in the juvenile court, such application shall be in the form of an affidavit alleging that there was or is within the county, or residing therein, a minor within the provisions of Section 600, 601, or 602, or that a minor committed an offense described in Section 602 within the county, and setting forth facts in support thereof. The probation officer shall immediately make such investigation as he deems necessary to determine whether proceedings in the juvenile court should be commenced. If the probation officer determines that proceedings pursuant to Section 650 should be commenced to declare a person described in Section 602 to be a ward of the juvenile court, the probation officer shall cause the affidavit to be taken to the prosecuting attorney. The prosecuting attorney shall within his discretionary power institute proceedings in accordance with his role as public prosecutor pursuant to subdivision (b) of Section 650 of this code and Section 26500 of the Government Code.

"If the probation officer does not take action under Section 654 and does not file a petition in juvenile court within 21 court days after such application, or in the case of an affidavit alleging that a minor committed an offense described in Section 602 or alleging that a minor is within Section 602, does not cause the affidavit to be taken to the prosecuting attorney within 21 court days after such application, he shall endorse upon the affidavit of applicant his decision not to proceed further and his reasons therefor and shall immediately notify the applicant of the action taken or the decision rendered by him under this section. The probation officer shall retain the affidavit and his indorsement thereon for a period of 30 days after such notice to applicant."

I. (█ Respondent contends that section 653 should be construed as not applicable to peace officers but limited to people in the private sector. They urge that probation officers who initiate section 602 proceedings pursuant to section 652,[4] are not required to follow the provisions of section 653, and since police officers are an intrinsic part of the juvenile law system (90 percent of all delinquency referrals come from the police), they too are exempt from the provisions of section 653. We find no authority for or logic in this suggested interpretation of the statute. We also note that section 655[5] provides that "when *any person* has applied" (italics added) to request commencement of juvenile court proceedings and the probation officer does not take the application to the prosecuting attorney, then a certain procedure is established for making the application directly to the prosecuting attorney. If a peace officer were not "any person" within the meaning of section 653, he would have no right to a prosecuting attorney review under section 655. Yet, the evidence here was that in negotiating the agreement, the peace officers association waived their right to a section 655 "appeal" in exchange for being able to request a prosecuting attorney review on the initial police report. The "any person" referred to in section 655 is the same "any person" referred to in section 653. We conclude, therefore, that "any person" includes a peace officer.

Since police officers clearly must comply with section 653, we need not address ourselves to respondent's contention that that section is not applicable to probation officers.

II. The application must be in the form of an affidavit. The police report here was not in affidavit form, nor did any other affidavit accompany the police report. ██ The issue, then, is whether the absence of compliance with the affidavit requirement removes the jurisdiction of the court to hear a section 602 petition.

---

[4]Section 652 provides: "Whenever the probation officer has cause to believe that there was or is within the county, or residing therein, a person within the provisions of Section 601 or 602, the probation officer shall immediately make such investigation as he deems necessary to determine whether proceedings in the juvenile court should be commenced."

[5]Section 655 provides: "(a) When any person has applied to the probation officer, pursuant to Section 653, to request commencement of juvenile court proceedings to declare a minor a ward of the court under Section 602 and the probation officer does not cause the affidavit to be taken to the prosecuting attorney pursuant to Section 653 within 21 court days after such application, such person may, within 30 court days after making such application, apply to the prosecuting attorney to review the decision of the probation officer, and the prosecuting attorney may either affirm the decision of the probation officer or commence juvenile court proceedings."

Under the previous statute (§ 722), the failure of a probation officer in instituting a section 700 petition (which encompassed offenses now found in § 602) to swear to the veracity of the petition where the affidavit accompanying the petition was signed, constituted a mere defect in pleading which did not deprive the court of jurisdiction. (*In re Staser* (1948) 84 Cal.App.2d 746, 751-752 [191 P.2d 791].) This was true even in the face of then section 722, which explicitly required a verified petition. *Staser* appears to be a square holding that the omission to swear (which is the essential requirement of the affidavit) in the initial charging paper does not deprive the court of jurisdiction. This remains good law. (*In re Linda D.* (1970) 3 Cal.App.3d 567, 571 [83 Cal.Rptr. 544].) The court "may" dismiss the petition without prejudice if it is not verified. (§ 656.5.) If that is true, there seems to be even less reason to destroy the court's jurisdiction by way of failure to swear to the truth of matters stated in the complaint which may or may not lead to the ultimate filing of a section 602 petition. Certainly, the affidavit requirement of section 653 cannot be ignored as apparently is the practice in Alameda County. However, failure to have the application in affidavit form does not deprive the court of jurisdiction.

III. Upon receipt of the affidavit making the allegations that the minor has committed a public offense, the probation officer is required by section 653 to make an immediate investigation to determine whether juvenile court proceedings should be commenced. After investigation the probation officer has three courses of disposition available: (1) if he determines that proceedings should be commenced, he then refers the matter to the prosecuting attorney (§ 653), or (2) he may take no action (§ 653), or (3) if he concludes that the minor is, or soon will be, within the jurisdiction of the juvenile court (§ 654),[6] he may institute alternative programs in lieu of requesting the filing of a petition for wardship. ( ▮ ▮ Under the agreement, however, if the police officer requests a "D.A. review," the first alternative is the only one available to the probation officer.

---

[6]Section 654 provides, in relevant part: "In any case in which a probation officer, after investigation of an application for petition or other investigation he is authorized to make, concludes that a minor is within the jurisdiction of the juvenile court or will probably soon be within such jurisdiction, he may, in lieu of . . . requesting that a petition be filed by the prosecuting attorney to declare a minor a ward of the court under Section 602 or subsequent to dismissal of a petition already filed, and with consent of the minor and the minor's parent or guardian, delineate specific programs of supervision for the minor, for not to exceed six months, and attempt thereby to adjust the situation which brings the minor within the jurisdiction of the court or creates the probability that he will soon be within such jurisdiction. Nothing in this section shall be construed to prevent the probation officer from . . . requesting the prosecuting attorney to file a petition at any time within said six-month period."

(2⬛) The statute is unambiguous legislation which sets forth the steps to be taken before the matter is placed in the hands of the prosecuting attorney for action. Upon receipt of the application, the probation officer must make whatever investigation he thinks is reasonable for the exercise of his discretion, that is, to (1) "cause the affidavit to be taken to the prosecuting attorney" (§ 653), or (2) "with consent of the minor and the minor's parent or guardian, delineate specific programs of supervision for the minor, for not to exceed six months" (§ 654), or (3) refuse to take any action on the application. The procedure to invoke a prosecuting attorney review of the case if the probation officer declines to request such a review is set forth in section 655. If the probation officer fails to request prosecuting attorney action within 21 days, the applicant *may*, within 30 days after making the application, apply to the prosecuting attorney. The statute clearly contemplates an intermediate evaluation by the probation officer, granting him discretion to take alternative action.

The initial determination to file cannot be delegated to the prosecuting attorney because it is a judgment expressly vested in the probation department (§ 7). The prosecuting attorney's discretion under section 653 is called for only by an appeal filed by a complaining person or when the probation officer forwards the affidavit to the prosecuting attorney (§ 653). Respondent contends that the prosecuting attorney has the same discretion as that which he has in filing criminal charges (except in certain specified cases, not relevant here, where the filing of a petition is made mandatory). We do not, however, find within this statutory scheme such a broad grant of authority to the prosecuting attorney. The statute limits action by the prosecuting attorney to cases where the complaining person is dissatisfied with the probation officer's disposition, or where the complaining person and the probation officer are in agreement that section 602 proceedings are necessary, thus screening out one category of the case from prosecuting attorney review, i.e., where a complaining person is satisfied by alternate disposition.

⬛ Further support for petitioner's contention is found in the portion of section 654 which provides: "However, when in the judgment of the probation officer the interest of the minor and the community can be protected, the probation officer shall make a diligent effort to proceed under this section." This is an expression of the legislative intent that minors be diverted from the court process when in the judgment of the probation officer such can be done in the interest of both the minor and society.

**(2c)** Respondent further contends . that the statute violates the doctrine of separation of powers in that the discretion of the prosecuting attorney (an executive officer) is limited by the necessity that the probation officer (a judicial official) "concurs" by the forwarding of the affidavit. The cases cited (*People* v. *Tenorio* (1970) 3 Cal.3d 89, 94-95 [89 Cal.Rptr. 249, 473 P.2d 993]; *People* v. *Adams* (1974) 43 Cal.App.3d 697, 707-708 [117 Cal.Rptr. 905]) hold respectively that sentencing is judicial and need not have concurrence by the prosecuting attorney, and that the prosecuting attorney cannot be limited in determining what charges to bring and/or how to draft accusatory pleadings. The procedure by which discretion becomes vested in the prosecuting attorney so that it may be exercised would not seem constitutionally compelled. In any event, the right to appeal to the prosecuting attorney means that the "accord" of the probation officer is not required.

We conclude, therefore, that the agreement conflicts with the statutory scheme for the processing of applications to cause a petition for wardship to be filed in juvenile court. Upon the granting of the minor's petition herein, the district attorney may refile a wardship petition so long as such proceedings are recommenced consistent with the views herein expressed.

The petition for writ of mandamus is granted, and the cause is remanded to the juvenile court with directions to dismiss the petition to declare Marvin F. a ward of the court.

Feinberg, J., and Draper, J.,* concurred.

A petition for a rehearing was denied December 22, 1977, and the opinion was modified to read as printed above. The petition of the real party in interest for a hearing by the Supreme Court was denied January 19, 1978.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.