[Civ. No. 57632. Second Dist., Div. One. Feb. 21, 1980.]

RAYMOND B., a Minor, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Wilbur F. Littlefield, Public Defender, Kenneth I. Clayman, Stephen E. Webber and Henry J. Hall, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Maurice H. Oppenheim, Deputy District Attorneys, for Real Party in Interest.

OPINION

**LILLIE, Acting P. J.**—Having previously denied the minor's petition for writ of mandate to compel the juvenile court to dismiss petition filed pursuant to section 602, Welfare and Institutions Code, this court pursuant to order of the California Supreme Court issued an alternative writ of mandate.

A petition was filed in juvenile court on September 4, 1979, alleging that the minor comes within section 602 in that he violated Penal Code sections 415 (disturbing the peace, a misdemeanor) and 240, 241 (assault on a peace officer, a felony). On arraignment the commissioner referred the matter to the probation department for investigation and report under section 654, Welfare and Institutions Code, and continued it to October 1. On October 1 the juvenile court rejected the recommendation of the probation officer that the petition filed September 4 be

dismissed and the case be retained by the probation department for informal supervision; and set the matter for an adjudication hearing. Thereafter this petition was filed.

 Citing *Marvin F. v. Superior Court* (1977) 75 Cal.App.3d 281 [142 Cal.Rptr. 78], petitioner argues that inasmuch as the initiation of formal juvenile proceedings under section 653, and the decision to divert him to informal probationary supervision pursuant to section 654 rest in the sole discretion of the probation department, the juvenile court was bound to accept the recommendation of the probation officer and dismiss the petition. Originally petitioner did not directly urge that the petition was not properly before the juvenile court; however, after real party in interest pointed out that *Marvin F. v. Superior Court, supra*, 75 Cal.App.3d 281, holding that the probation officer cannot delegate to the district attorney his right to initially determine whether a petition should be filed, is inapposite because here the probation officer initially determined a petition should be filed, and accordingly it was filed by the district attorney, petitioner in a reply letter brief asserted that the section 602 petition was not properly before the juvenile court because no investigation had been made by the probation officer. We deal with this matter first even though it was not petitioner's original contention either here or in the trial court.

First, the record establishes that the probation officer exercised his discretion in connection with and initiated the commencement of proceedings in the juvenile court by the district attorney. The minor was arrested on July 8; on that day a three-page arrest report was made by police who took the minor into custody. On July 11 a juvenile investigation report was made setting forth personal information concerning the minor, the time and place of arrest, the nature of the charge and the minor's version of the incident. Thereafter on August 7, probation officer, M. Williams, directed a report (form 1120) regarding the minor to the district attorney and accordingly, on August 16 the district attorney executed the section 602 petition and thereafter filed the same in juvenile court. Nothing in the record suggests that the probation officer in any manner delegated to the district attorney or to any one else his authority to determine whether to commence formal juvenile court proceedings.

Second, the record fails to disclose that prior to referring the case to the district attorney the probation department did not make an investigation to determine whether proceedings in the juvenile court should be

commenced (§ 653) or in lieu of filing a juvenile petition, to institute an alternative program of informal probationary supervision (§ 654). It is asserted by petitioner that probation form 1120 reflects no initial investigation (§ 653), while real party in interest alleges that prior to the filing of the juvenile petition, the minor had been considered by the probation department for informal probationary supervision (§ 654) and rejected, and that the probation officer's failure to check the box "Minor is not suitable for 654 WIC because:" and thereafter fill in the reason, was an oversight.[1] Of interest at this point is the suggestion made by the juvenile court that for a prior police contact (reckless driving and resisting arrest [1977] and petty theft [1978]), the minor was "already on 654"; asked by the court if this was not true, minor's counsel responded that it "isn't clear." In this connection we note the language on the face page of the probation officer's report, "Retain as 654 WIC Expir. Date 3-31-80," and of the recommendation that the case be "retained" by the probation department. However, assuming that prior to referring the matter to the district attorney, the probation officer did not make a full investigation (§§ 652, 653) the absence thereof on the record before us does not render the juvenile petition subject to attack as having been improperly filed.[2]

It is true that section 653, Welfare and Institutions Code mandates the probation officer to make an investigation in the first instance to determine whether proceedings in juvenile court should be commenced or the minor diverted to a program of informal probationary supervision under section 654, however, section 653 requires only that the probation officer make such investigation *"as he deems necessary to determine whether proceedings in the juvenile court should be commenced."*[3] (Italics added.) This language is interpreted in *Marvin F. v. Superior Court,*

---

[1]Belatedly, the People have submitted declaration of Marie Williams, probation officer, in which she asserts she inadvertently omitted to complete form 1120, and "The form should have shown that prior to the filing of the petition request, the minor had been considered and rejected for informal probation under Section 654 of The Welfare & Institutions Code. [¶] In the press of other duties I neglected to record said information on the form 1120."

[2]After the probation officer has determined to commence proceedings and referred the cause to the district attorney, "The prosecuting attorney shall within his discretionary powers institute proceedings...." (§ 653, Welf. & Inst. Code.)

[3]Section 652 and section 653, Welfare and Institutions Code, relating to initiation of a section 602 petition by the probation department use the same language: "The probation officer shall immediately make such investigation *as he deems necessary* to determine whether proceedings in the juvenile court should be commenced." (Italics added.)

*supra,* 75 Cal.App.3d 281, as requiring the probation officer to "make whatever investigation he thinks is reasonable for the exercise of his discretion." (P. 289.) The *Marvin F.* holding is a narrow one. An agreement between the probation department and the district attorney providing that when a police officer requests that the district attorney review a report of an alleged section 602 misdemeanor offense, the probation department is obliged to refer the case to the district attorney, was held to conflict with the statutory scheme for processing applications for commencement of juvenile court proceedings because, among other things, the initial determination to file a petition cannot be delegated to the prosecuting attorney inasmuch as such judgment is expressly vested in the probation department, and it removed the probation officer's options of referring the cause to the prosecuting attorney (§ 653), instituting alternative programs of informal supervision for the minor in lieu of filing a juvenile petition (§ 654) or taking no action. Referring to the statutory scheme for processing an application for commencement of juvenile court proceedings, the court said at page 289: "The statute [§§ 653, 654, 655] is unambiguous legislation which sets forth the steps to be taken before the matter is placed in the hands of the prosecuting attorney for action. Upon receipt of the application, the probation officer must make *whatever investigation he thinks is reasonable for the exercise of his discretion,* that is, to (1) 'cause the affidavit to be taken to the prosecuting attorney' (§ 653), or (2) 'with consent of the minor and the minor's parent or guardian, delineate specific programs of supervision for the minor, for not to exceed six months' (§ 654), or (3) refuse to take any action on the application." (Italics added.)

If we assume no initial full bloom investigation was made by the probation officer, we also assume on the state of the record here that, as he is empowered to do under section 653 and in the exercise of his discretion, he deemed such an investigation unnecessary for the further exercise of his discretion to determine whether to divert the minor to informal supervision or cause the matter to be referred to the prosecuting attorney to commence juvenile court proceedings particularly in light of the arrest report, the juvenile investigation report and the probability that the minor already had been investigated or even been "on 654" in connection with a previous police contact. "The statute clearly contemplates an intermediate evaluation by the probation officer, granting his discretion to take alternative action." (*Marvin F. v. Superior Court, supra,* 75 Cal.App.3d 281, 289.) The probation officer here did make an intermediate evaluation and in the exercise of his discretion elected not

to divert the minor to informal supervision in lieu of commencing juvenile court proceedings. We cannot say that the probation officer was not sufficiently informed to properly exercise such discretion, or that the minor was deprived of any consideration he was entitled to in this connection by the probation officer.

█ The basic contention advanced by petitioner is whether or not the juvenile court must dismiss a section 602 petition to permit the minor to be diverted to informal probation supervision on the recommendation of the probation officer after his investigation and report pursuant to section 654 ordered by the juvenile court subsequent to the filing of the petition. Section 654 provides: "In any case in which a probation officer, after investigation of an application for petition *or other investigation he is authorized* to make, concludes that a minor is within the jurisdiction of the juvenile court or will probably soon be within such jurisdiction, he may, in lieu of ... requesting that a petition be filed by the prosecuting attorney to declare a minor a ward of the court under Section 602 *or subsequent to dismissal of a petition already filed* .... delineate specific programs of supervision for the minor ...." (Italics added.)

Thus the statute contemplates just such an investigation by the probation officer authorized by the juvenile court here after the filing of the petition, and vests in him discretion to institute a program of informal probation supervision for the minor subsequent to dismissal of the petition. It is apparent from the language of section 654 that while the probation officer may recommend a dismissal of a petition already filed and that the case be retained by the probation department for informal supervision, only the juvenile court can dismiss the petition; and it is only after such dismissal that the probation officer has the power to divert the minor to informal probation supervision. Here the juvenile court exercising its judicial power declined to dismiss the petition, and set the matter for an adjudication hearing.

In contending that the juvenile court must dismiss the petition and divert him to informal supervision, regardless of the district attorney's objection, petitioner equates the probation officer's discretion in this posture of the case with the discretion vested in him in the first instance to initiate formal juvenile court proceedings or in lieu thereof to institute informal supervision. The fallacy in such an argument is that as long as the section 602 petition is pending before the juvenile court, the

juvenile court has the sole power to determine whether or not to dismiss the petition, and neither the district attorney, the minor's counsel nor the probation officer can interfere with this exercise of judicial power. The probation officer can do no more than recommend dismissal which recommendation the juvenile court can accept or reject; and he cannot divert the minor to a specific program of supervision until after the juvenile court has exercised its judicial power and dismissed the petition.

Petitioner's assertion that "the court agreed [to divert him to informal supervision] until the prosecutor objected," runs contra to the record. First, at no time did the court agree to accept the recommendation of the probation officer. Second, although the court asked the district attorney if there was "any objection," he gave his "opinion" to the court as did the minor's counsel.[4] Third, the court in the exercise of its judicial power made an independent determination to reject the probation officer's recommendation, and in doing so recognized that the opinion or objection of the district attorney was unnecessary.[5]

The opinion of the prosecutor and the minor's counsel was but one consideration of the juvenile court in making its decision not to accept the probation officer's recommendation; the others were the probation officer's report, the arrest report of the minor, the nature and details of the offense and its seriousness, the minor's explosive conduct and "irresponsible" actions in his police contacts, the minor's prior police contacts (reckless driving and resisting arrest, and petty theft) "all basically a year apart," the probability that the minor is "already on 654" and the attitude of the minor in open court based upon his refusal to answer the court's questions concerning his "position" on the matter.[6] After considering these factors, the court announced that it did not think it would "go along with this 654 matter."

---

[4]At the outset of the proceedings, the court announced that it had read and considered the probation officer's report and "They are recommending, that this matter be dismissed without prejudice and that the matter be sent to the Probation Department to place the minor on voluntary probation. [¶] Is there any objection?" Asked by the prosecutor if the court was asking his opinion, the court responded in the affirmative, and he stated his opinion that he deemed the section 654 petition to be inappropriate to this minor. In response, the minor's counsel stated the minor's position.

[5]The minor's counsel stated he did not believe either the opinion or the consent of the district attorney to be necessary, and the court agreed "I don't think it is either...."

[6]Commenting that it "had a tough time with this situation," the court three times asked the minor his "position on this thing"; twice the minor responded "I can't say nothing," and, asked a third time "You don't want to say anything?" the minor answered "No."

The alternative writ is discharged, and the petition for writ of mandate is denied.

Hanson, J., and Kaufmann, J.,* concurred.

A petition for a rehearing was denied March 18, 1980, and petitioner's application for a hearing by the Supreme Court was denied April 17, 1980.

---

*Assigned by the Chairperson of the Judicial Council.