[No. B005814. Second, Dist., Div. Seven. July 27, 1984.]

PAUL D., a Minor, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Wilbur F. Littlefield, Public Defender, Alan H. Simon, Chief Deputy Public Defender, Joyce O. Yoshioka, Mike R. Horwitz and Susan L. Burrell, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Robert H. Philibosian, District Attorney, Harry B. Sondheim and Dirk L. Hudson, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**THE COURT.**\*—

### OPINION AND ORDER

Paul D., a minor, petitions for a writ of mandate or prohibition to compel respondent court to order the probation department (department) to exercise its discretion and evaluate petitioner for informal supervision pursuant to

---

\*Before Johnson, Acting P. J., and Beverly, J.†

†Assigned by the Chairperson of the Judicial Council.

Welfare and Institutions Code section 654,[1] in accordance with the factors set forth in California Rules of Court, rule 1307. Two questions are presented: First, whether the department abused its discretion in refusing to evaluate petitioner for supervision under section 654, in adherence with its policy not to consider a minor for such supervision when he denies the charges against him. Secondly, whether the juvenile court has authority to order the department to consider a minor for section 654 supervision when the department improperly refuses to do so. As will appear, we answer both questions in the affirmative.

## I. FACTS AND PROCEEDINGS BELOW.

On March 14, 1984, a petition was filed under section 602 charging petitioner had violated Penal Code section 242 (misdemeanor battery). The charges arose out of an incident in which rocks, sticks, and other items were thrown by several boys at a 15-year-old female as she walked along a street.

At his arraignment, petitioner's counsel informed the court that during a brief interview with a probation officer petitioner had denied involvement in the incident, whereupon the officer refused to consider petitioner for section 654 supervision pursuant to a department policy not to accept a minor for such supervision unless he makes an admission to the charges.[2] The probation officer confirmed, on the record, the department's policy "not to accept a minor for 654, unless he is prepared to make an admission to the charges . . . ." Petitioner's counsel argued that such policy was illegal, and made a motion that the court refer the matter to the department for consideration of section 654 supervision. The court expressed its belief it did not have authority to order the department to exercise its discretion under section 654 after a petition has been filed. It took petitioner's plea, and set a date for hearing on the merits of the case. Thereafter petitioner filed this petition.[3]

---

[1]Unless otherwise indicated, all statutory references are to the Welfare and Institutions Code.

[2]The record indicates that another minor allegedly involved in the incident was placed on section 654 supervision, apparently after making an admission to the charges.

[3]In response to this court's request for opposition to the petition, the Los Angeles County Counsel wrote to inform the court that the petition would not be opposed, and that upon remand to the juvenile court the department would proceed to evaluate petitioner for section 654 supervision. The response further asserted that "[t]here is no Probation Department rule or policy which prohibits the consideration of a minor for WIC § 654 supervision because he denies the offense. To the contrary, sections 404.02 and 404.03 of the Probation Department Juvenile Manual provides that even though the minor denies the offense, WIC § 654 supervision may still be considered." As will appear, however, the foregoing statement is in direct conflict with the description of department policy given by the probation officer at petitioner's arraignment hearing.

## II. THE DEPARTMENT'S POLICY TO REFUSE TO CONSIDER A MINOR FOR SECTION 654 SUPERVISION WHEN HE DENIES THE CHARGES IS ILLEGAL.

Section 654 reads, in part: "In any case in which a probation officer, after investigation of an application for petition or other investigation he or she is authorized or directed to make pursuant to this chapter concludes that a minor is within the jurisdiction of the juvenile court or will probably soon be within such jurisdiction, he or she may, in lieu of filing a petition to declare a minor a ward of the court under Section 601 or requesting that a petition be filed by the prosecuting attorney to declare a minor a ward of the court under Section 602 or subsequent to dismissal of a petition already filed, and with consent of the minor and the minor's parent or guardian, delineate specific programs of supervision for the minor, for not to exceed six months, and attempt thereby to adjust the situation which brings the minor within the jurisdiction of the court or creates the probability that he or she will soon be within such jurisdiction. Nothing in this section shall be construed to prevent the probation officer from filing a petition or requesting the prosecuting attorney to file a petition at any time within the six-month period. If the probation officer determines that the minor has not involved himself or herself in the specific programs within 60 days, the probation officer shall immediately file a petition or request that a petition be filed by the prosecuting attorney. However, when in the judgment of the probation officer the interest of the minor and the community can be protected, the probation officer shall make a diligent effort to proceed under this section . . . ."

The factors to be considered by the probation officer in determining eligibility for section 654 supervision are specified in California Rules of Court, rule 1307(e).[4] Unless they transcend legislative enactments, the rules of practice and procedure adopted by the judicial council have the force of law. (*Cantillon* v. *Superior Court* (1957) 150 Cal.App.2d 184 [309 P.2d 890]; *Alsavon M.* v. *Superior Court* (1981) 124 Cal.App.3d 586, 594 [177 Cal.Rptr. 434].)

---

[4]Rule 1307(e) provides: "In determining whether a program of informal supervision of the minor should be undertaken, the probation officer shall consider:

"(1) Where the alleged condition or conduct is not considered serious, whether the minor has had a problem in the home, school or community which indicates that some supervision would be desirable;

"(2) Whether the minor and the parents seem able to resolve the matter with the assistance of the probation officer and without formal juvenile court action;

"(3) Whether further observation or evaluation by the probation officer is needed before a decision can be reached;

"(4) The attitude of the minor and the parent or guardian;

"(5) The age, maturity and mentality of the minor;

"(6) The prior delinquent history, if any, of the minor;

■ At petitioner's arraignment, the probation officer testified department policy requires that a minor admit the charges against him as a condition of informal supervision. No such admission of guilt is expressed within the statutory scheme as a precondition for eligibility for informal supervision, and we perceive no compelling necessity to imply it within that statutory scheme.[5] (See *Parra* v. *Municipal Court* (1978) 83 Cal.App.3d 690, 694-695 [148 Cal.Rptr. 203].) Accordingly, we hold the department abused its discretion in refusing to consider petitioner for section 654 supervision on grounds he denied the charges against him.[6]

III. ■ THE JUVENILE COURT HAS AUTHORITY TO ORDER THE DEPARTMENT TO CONSIDER PETITIONER FOR SUPERVISION UNDER SECTION 654.

In *Charles S.* v. *Superior Court* (1982) 32 Cal.3d 741 [187 Cal.Rptr. 144, 653 P.2d 648], our Supreme Court held that although section 654 initially places the determination whether to institute informal probation or to file court proceedings in the discretion of the probation officer, that discretion ends once a petition is filed under section 602. "[A]fter court proceedings are commenced, informal probation is to be based on a court determination. Only the court may dismiss the section 602 petition, and neither the district attorney, the minor's counsel nor the probation officer can interfere with the exercise of judicial power. (*Raymond B.* v. *Superior Court, supra,* 102 Cal.App.3d 372, 378-379.)" (*Charles S.* v. *Superior Court, supra,* 32 Cal.3d 741, at p. 747.) The court explained further: "[A]fter the section 602 petition is filed, the probation officer may not be permitted to reject the judge's determination to dismiss and initiate informal probation. Section 654 provides that the probation officer shall make a 'diligent effort' to proceed under the section when in his judgment the interest of the minor and the community can be protected. When the judge determines to dismiss the section 602 petition in favor of informal probation, he obviously has

---

"(7) The recommendation, if any, of the referring party or agency;

"(8) The attitude of any affected persons;

"(9) Any other circumstances which indicate a program of informal supervision would be consistent with the welfare and safety of the minor and the protection of the public."

[5]"[C]are must be taken by probation officers to strictly adhere to the legislative mandates of the applicable sections of the Welfare and Institutions Code lest . . . abuses . . . creep into the system. Mechanical policies for automatic and categorical processing must be avoided and the elementary requirements of individualized justice and due process must be maintained. (*In re William M.* (1970) 3 Cal.3d 16, 31 [89 Cal.Rptr. 33, 473 P.2d 737].)" (*Alsavon M.* v. *Superior Court, supra,* 124 Cal.App.3d at pp. 596-597.)

[6]Petitioner also argues that because statements to a probation officer may be admissible in subsequent proceedings since the enactment of Proposition 8 (Cal. Const., art. I, § 28, subd. (d)) which makes "all relevant evidence" admissible, under the policy at issue a minor would be compelled to incriminate himself in order to become eligible for section 654 supervision. Our holding makes it unnecessary to discuss or decide this constitutional issue.

determined that the dismissal is in the interest of the minor and the community can be protected, and the probation officer, an officer of the court, may not impeach the court's judgment.

"The Juvenile Court Judicial Manual, prepared in 1979 by Judge Richard P. Byrne, recognizes the powers of the court to correct probation department abuses. The trial court's concern that it could not order informal probation is unfounded. If, in its judgment, formal proceedings are not appropriate, it may dismiss the section 602 proceedings based on its findings of appropriate informal probation. The probation officer must, of course, comply with those findings." (*Ibid.*)

Since the court has authority to direct the department to place a minor on informal supervision, implicity it can also order the department to determine a minor's eligibility for informal supervision.

Accordingly, It Is ORDERED as follows:

Let a peremptory writ of mandate issue directing respondent to vacate its order of March 14, 1984, setting the matter for adjudication, and to refer the matter to the probation department for the purpose of conducting an investigation to determine, in accordance with the factors set forth in California Rules of Court, rule 1307(e), whether petitioner is suitable for informal supervision pursuant to Welfare and Institutions Code section 654.