[No. B010080. Second Dist., Div. One. June 7, 1985.]

JOHN O., a Minor, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Wilbur F. Littlefield, Public Defender, and Susan L. Burrell, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

De Witt W. Clinton, County Counsel, and Richard E. Townsend, Deputy County Counsel, for Real Party in Interest.

OPINION

LUCAS, J.—

### INTRODUCTION

Having previously denied the minor's petition for writ of mandate to compel the juvenile court to vacate its order denying the minor's motion for informal supervision and to make a new order granting said order, this court, pursuant to order of the California Supreme Court, issued an alternative writ of mandate.

A petition was filed in juvenile court on August 2, 1984, in which it was alleged that John O. came within the provisions of Welfare and Institutions Code section 602, in that John allegedly committed a felony violation of section 10851 of the Vehicle Code (joyriding).

The facts from which the petition arose are these: John's mother was employed as a housekeeper by Gloria Herrera (Herrera). While Herrera was on vacation, John's sister stayed at Herrera's house. John visited his sister at the house on June 26, 1984. During the visit, John noticed the keys to Herrera's 1977 Porsche on top of the refrigerator, removed the car from the driveway, drove it for approximately one-half hour, and was involved in a traffic accident. Only Herrera's vehicle was damaged. John admitted to the police and to Herrera that he took the car. His parents paid Herrera $200 to cover her insurance deductible, and Herrera told John's mother that the insurance company would pay the remainder of the repair costs. The investigating police officer noted that John "admits crime and appears remorseful. Parents very cooperative." John had never been arrested before the incident and has not been arrested since.

On August 2, 1984, an arraignment was held, and a deputy public defender was appointed to represent John. The court referred the matter to the probation department for an evaluation of John's suitability for informal supervision under the provisions of Welfare and Institutions Code section 654[1] and continued the case until the probation report could be prepared.

On September 25, 1984, a referee held a diversion hearing. Probation Officer Winston, who had investigated and evaluated the case, testified regarding his investigation into the case and the condition of the department's informal supervision program. (Cal. Rules of Court, rule 1307(e).) Although he believed that John might be a candidate for informal supervision under the provisions of section 654, Winston said that the informal supervision option was not available, primarily because of county budget cuts.[2]

---

[1] Unless otherwise noted, all statutory references are to the Welfare and Institutions Code.

[2] At the diversion hearing, Winston stated: "The reality is that this department no longer utilizes 654 actively. When we signed a contract with the minor to accept '654' it means that he agrees to be diverted to a counseling agency, to attend counseling on a regular basis for up to six months. There is no contact with the deputy probation officer. The file is placed in a file cabinet and in essence, left there unless there is an actual violation [of the law]."

Winston further stated: "654, as it has been utilized previously, [before budget cuts] would be, perhaps, an alternative to consider, but as it is known now with its extreme limitations, and to consider what I see to be minor's needs in several different areas of concern, I don't see that informal supervision is at all adequate to meet the needs of this case, provide adequate supervision structure and so forth."

"[The Court:] As it had been enforced in the past or utilized in the past, it was more in

The referee denied John's request for informal supervision. In reaching that decision, the referee stated that he was inclined to defer to the decisions of the probation officer[3] and district attorney's office[4] to pursue formal juvenile court proceedings instead of informal probation. The referee stated that he was basing its decision to deny John's request for informal supervision solely on the representation of the probation officer to the effect that budget limitations prevented the probation department from implementing the terms of section 654. The referee did not voice any doubts as to John's suitability for informal supervision under section 654, but apparently believed that that option was not currently available, because of county budget cuts.

John filed a petition for writ of mandate and/or prohibition with the presiding judge of the juvenile court on November 28, 1984. That petition was denied by minute order of December 17, 1984. Thereafter, John filed a petition for writ of mandate with this court, which was denied; the Supreme Court ordered this court to issue an order granting an alternative writ of mandate, and this court complied with the Supreme Court's order.

### DISCUSSION

■ The only issue before us is whether the juvenile court properly exercised its discretion in denying informal supervision to John. We find that the court based its decision on factors which were not proper considerations, and we therefore remand the matter for a redetermination in light of this opinion.

Section 654 and the California Rules of Court provide an option of informal supervision in lieu of formal juvenile court proceedings in cases where

---

conformity with the demands of 654 than it is now; is that correct?
"A: Yes.
"Q: There was some feedback and investigation done by the probation department to ascertain whether the minor was in fact doing what he was supposed to do under the 654 section; is that correct?
"A: Yes.
"Q: The reason that that is not done today is monetary difficulties?
"A: Primarily."

[3]In setting forth the reasons for its decision, the court stated the following as one of its considerations: "It would appear, upon examination of the 654 statute, that the probation officer provided that he does what's required of him under the statute, *has the final discretion in determining whether any individual should come within 654 or not.*" (Italics added.)

[4]"An additional observation I make is that the district attorney's office in this case has exercised its discretion as the chief prosecuting officer of Los Angeles County to file a petition, and again *I don't see how a court, consistent with most rules of procedure that I'm aware of, can come in and say the district attorney has exercised his discretion wrongly.* All of this, of course, has been decided adversely to my opinion . . . Not all of this, but some of this." (Italics added.)

the minor's rehabilitative needs may be satisfied without resort to formal proceedings. (§ 654; Cal. Rules of Court, rule 1307.) Section 654 states in pertinent part: "In any case in which a probation officer, after investigation of an application for a petition or any other investigation he or she is authorized to make concludes that a minor is within the jurisdiction of the juvenile court or will probably soon be within that jurisdiction, the probation officer may, in lieu of filing a petition to declare a minor a dependent child of the court or a minor or a ward of the court under Section 601 or requesting that a petition be filed by the prosecuting attorney to declare a minor a ward of the court under Section 602 or subsequent to dismissal of a petition already filed, and with consent of the minor and the minor's parent or guardian, delineate specific programs of supervision for the minor, for not to exceed six months, and attempt thereby to adjust the situation which brings the minor within the jurisdiction of the court or creates the probability that the minor will soon be within that jurisdiction. Nothing in this section shall be construed to prevent the probation officer from filing a petition or requesting the prosecuting attorney to file a petition at any time within the six-month period. If the probation officer determines that the minor has not involved himself or herself in the specific programs within 60 days, the probation officer shall immediately file a petition or request that a petition be filed by the prosecuting attorney. However, *when in the judgment of the probation officer the interest of the minor and the community can be protected, the probation officer shall make a diligent effort to proceed under this section.*" (§ 654; italics added.)

The factors to be considered in determining whether to grant informal supervision under section 654 are set forth in California Rules of Court, rule 1307(e).[5]

---

[5]Rule 1307(e) of the California Rules of Court sets forth the factors which must be considered in determining whether informal supervision under section 654 is an appropriate disposition:

"(1) Where the alleged condition or conduct is not considered serious, whether the minor has had a problem in the home, school or community which indicates that some supervision would be desirable;

"(2) Whether the minor and the parents seem able to resolve the matter with the assistance of the probation officer and without formal juvenile court action;

"(3) Whether further observation or evaluation by the probation officer is needed before a decision can be reached;

"(4) The attitude of the minor and the parent or guardian;

"(5) The age, maturity and mentality of the minor;

"(6) The prior delinquent history, if any, of the minor;

"(7) The recommendation, if any, of the referring party or agency;

"(8) The attitude of any affected persons;

"(9) Any other circumstances which indicate a program of informal supervision would be consistent with the welfare and safety of the minor and the protection of the public."

The transcript of the September 25, 1984 hearing does not reflect whether the court took

■ Once a petition for wardship has been filed under the provisions of section 602, the decision whether to institute informal probation in lieu of formal juvenile court proceedings is within the discretion of the court, not of the probation officer or any other person. (*Charles S.* v. *Superior Court* (1982) 32 Cal.3d 741, 747 [187 Cal.Rptr. 144, 653 P.2d 648]; *Paul D.* v. *Superior Court* (1984) 158 Cal.App.3d 838, 843 [205 Cal.Rptr. 77]; *Raymond B.* v. *Superior Court* (1980) 102 Cal.App.3d 372, 378-379 [162 Cal.Rptr. 506].) The court must exercise its discretion in deciding whether to grant informal probation by evaluating those factors considered by the probation officer in conducting his investigation pursuant to section 653.5 and rule 1307(e) of the California Rules of Court.

■ The court stated the following factors as determinative in reaching its decision in this matter.

"I base my decision solely on the factors that, number one, the minor does require more supervision than is found available under the 654 program *as administered* by the probation department.

"Number two, a court order of the kind that I am urged to make by Mr. Rosen to the probation department and to the counseling agency would not, if granted, be the only such order made in the county, but would no doubt invite a flood of such orders to be made.

"And third, under the present circumstances, [*sic*] cannot adequately supervise the minor under the program of informal supervision because of *lack of funds* to do so." (Italics added.)

In essence, without evaluating the probation officer's determination of John's suitability for informal probation as required by section 654 and California Rules of Court, rule 1307, the court stated in three different ways that informal supervision is not available to John, because the county fisc lacks adequate funds to provide such supervision. (See *Corenevsky* v. *Superior Court* (1984) 36 Cal.3d 307, 320 fn. 13 [204 Cal.Rptr. 165, 682 P.2d 360]; *Charles S.* v. *Superior Court* (1982) 32 Cal.3d 741, 749-751 [187 Cal.Rptr. 144, 653 P.2d 648].) We conclude that the court erred in denying informal supervision to John on that ground. (See *Alsavon M.* v. *Superior Court* (1981) 124 Cal.App.3d 586, 595 [177 Cal.Rptr. 434].) We remand the matter for a redetermination by the juvenile court on the basis

---

any of these factors into consideration in making its decision to deny John's request for informal supervision.

of the probation officer's evaluation of factors set forth in rule 1307(e) of the California Rules of Court.

### DISPOSITION

Let a peremptory writ of mandate issue directing the juvenile court to vacate its order of September 25, 1984 and to redetermine the issue of whether informal supervision under section 654 is the appropriate disposition for this minor.

Hanson, (Thaxton), Acting P. J., and Dalsimer, J., concurred.