[No. B023333. Second Dist., Div. Six. Feb. 10, 1987.]

MARK F., a Minor, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

William Ross Helmbold for Petitioner.

No appearance for Respondent.

Michael D. Bradbury, District Attorney, and Michael D. Schwartz, Deputy District Attorney, for Real Party in Interest.

OPINION

GILBERT, J.—May the probation department in a juvenile proceeding exclude minors who are alleged to have been driving under the influence from consideration for informal probation under Welfare and Institutions Code section 654? While pondering this question, the trial judge said: "[T]his may be the case to make some law on the subject." It is.

Mark F., a minor, petitions for a writ of mandate to compel respondent superior court to order the probation department to decide his eligibility for informal probation pursuant to Welfare and Institutions Code section 654 and California Rules of Court, rule 1307. Petitioner argues that the policy of the Ventura County Probation Department to deny informal probation to all juveniles arrested on drunk driving charges is invalid. We agree. The trial court abused its discretion in failing to order the probation department to evaluate petitioner. We therefore issue a peremptory writ of mandate.

FACTS

On April 26, 1986, petitioner, aged 17 years, was arrested for drunk driving. (Veh. Code, § 23152, subds. (a) and (b).) Petitioner had no previous violations. On July 24, 1986, a petition was filed in the juvenile court alleging that petitioner came within the provisions of Welfare and Institutions Code section 602.

Petitioner moved the juvenile court to have the case referred to the county probation department for the purpose of having the matter handled infor-

mally. (Welf. & Inst. Code, § 654.) On September 22, 1986, a hearing was held on petitioner's motion. A probation officer testified that the case is inappropriate for referral to informal probation because of a Ventura County Probation Department policy excluding drunk driving cases involving juveniles from referral to informal probation. Therefore, petitioner's motion for referral to informal probation was denied, and the case was set for adjudication. This court stayed further proceedings in order to consider the present petition.

## DISCUSSION

Welfare and Institutions Code section 654 provides, in part, "[i]n any case in which a probation officer, after investigation of an application for a petition or any other investigation he or she is authorized to make concludes that a minor is within the jurisdiction of the juvenile court or will probably soon be within that jurisdiction, the probation officer may, in lieu of filing a petition to declare the minor . . . a ward of the court under Section 602 . . . delineate specific programs of supervision for the minor . . . . If the probation officer determines that the minor has not involved himself or herself in the specific programs within 60 days, the probation officer shall immediately file a petition or request that a petition be filed by the prosecuting attorney. However, when in the judgment of the probation officer the interest of the minor and the community can be protected, the probation officer shall make a diligent effort to proceed under this section. . . ." California Rules of Court, rule 1307(e), sets forth those factors which must be considered by the probation department in determining whether informal probation of a minor is warranted.[1]

 Section 654 and rule 1307 unequivocally require the probation

---

[1]Rule 1307(e) provides as follows: "[Informal supervision—factors for probation officer to consider] In determining whether a program of informal supervision of the minor should be undertaken, the probation officer shall consider:

"(1) Where the alleged condition or conduct is not considered serious, whether the minor has had a problem in the home, school or community which indicates that some supervision would be desirable;

"(2) Whether the minor and the parents seem able to resolve the matter with the assistance of the probation officer and without formal juvenile court action;

"(3) Whether further observation or evaluation by the probation officer is needed before a decision can be reached;

"(4) The attitude of the minor and the parent or guardian;

"(5) The age, maturity and mentality of the minor;

"(6) The prior delinquent history, if any, of the minor;

"(7) The recommendation, if any, of the referring party or agency;

"(8) The attitude of any affected persons;

"(9) Any other circumstances which indicate a program of informal supervision would be consistent with the welfare and safety of the minor and the protection of the public."

officer to conduct an independent and careful review of circumstances peculiar to each case in order to determine whether a particular accused juvenile would be a suitable candidate for informal probation. (*Marvin F.* v. *Superior Court* (1977) 75 Cal.App.3d 281, 289-290 [142 Cal.Rptr. 78].) The requirement that each juvenile offender receive treatment as an individual is not satisfied by an administrative policy of rejecting application for informal probation upon the sole basis of the juvenile's offense. (*John O.* v. *Superior Court* (1985) 169 Cal.App.3d 823, 827 [215 Cal.Rptr. 592]; *Paul D.* v. *Superior Court* (1984) 158 Cal.App.3d 838, 842 [205 Cal.Rptr. 77].)

■ "The basic predicate of the Juvenile Court Law is that each juvenile be treated as an individual. The whole concept of our procedure is that special diagnosis and treatment be accorded the psychological and emotional problems of each offender so that he achieves a satisfactory adjustment. Nothing could be further from the spirit of the law than the absorption of the individual into a stereotype. A mechanized, mass treatment of offenders not only violates our deep conviction that each individual should personally obtain the protection of due process but also thwarts the legislative objective of providing the troubled youth of today with particularized treatment toward rehabilitation." (*In re William M.* (1970) 3 Cal.3d 16, 31 [89 Cal.Rptr. 33, 473 P.2d 737].)

■ Moreover, absent from either Welfare and Institutions Code section 654 or rule 1307(e) is language suggesting that drunk driving juveniles are ineligible for informal supervision. The probation department, however well intentioned, may not disregard these laws by using the offense as its sole criterion in denying informal probation. The Legislature intended that the probation officer exercise his or her discretion on the question of informal probation, "rather than enclose certain cases in tombs of silence. [Citations.]" (*In re William M., supra,* 3 Cal.3d at p. 30.)

The prosecution argues that Ventura County's current policy of excluding from informal probation all juveniles charged with driving under the influence is in step with the intent of the Legislature expressed in Vehicle Code section 13352.3. This section provides, among other things, for the revocation of the driving license of a minor found to have committed the offense of driving under the influence. (*In re Arthur W.* (1985) 171 Cal.App.3d 179, 188 [217 Cal.Rptr. 183].)

■ A minor who has been placed on informal probation has not been adjudged to have committed an offense (*Paul D.* v. *Superior Court, supra,* 158 Cal.App.3d at p. 842) and, therefore, cannot have his or her license suspended. The prosecution reasons that the handling of juvenile drunk driving cases by way of informal probation would allow a minor to receive

a lighter penalty than would an adult, and thereby frustrate the legislative intent of Vehicle Code section 13352.3.

■ Statutes relating to the same subject must, wherever possible, be reconciled in order to retain their force. (*Modesto Irr. Dist.* v. *City of Modesto* (1962) 210 Cal.App.2d 652, 656 [27 Cal.Rptr. 90].) The seemingly conflicting imperatives of the Vehicle and Welfare and Institutions Codes are reconcilable.

An important goal of juvenile court law is to secure for minors "... care, treatment and guidance which is consistent with their best interest, which holds them accountable for their behavior, which is appropriate for their circumstances. ..." (Welf. & Inst. Code, § 202, subd. (b); see also, *In re Arthur W., supra,* 171 Cal.App.3d at p. 190.) Laws governing Juvenile Court Law are to be liberally construed to accomplish that purpose. (Welf. & Inst. Code, § 202, subd. (a); *In re Aline D.* (1975) 14 Cal.3d 557, 562 [121 Cal.Rptr. 816, 536 P.2d 65].)

This intent would be ignored by excluding minors from consideration for informal probation because of the offense charged. ■ In evaluating whether "the interest of the minor and the community can be protected," by placing the minor on informal probation, the probation officer must consider the nature of the crime charged, the danger posed to the community, and whether informal probation is appropriate for this particular minor. (*Marvin F.* v. *Superior Court, supra,* 75 Cal.App.3d at p. 289.)

The Legislature is justifiably concerned with the rise in serious automobile accidents caused by drunken juvenile drivers. (*In re Arthur W., supra,* 171 Cal.App.3d at p. 187.) ■ The enactment of Vehicle Code section 13352.3, subd. (a) is intended "to reduce the incidence of traffic injuries and fatalities caused by intoxicated drivers under 18 years of age by removing from the streets and highways such drivers found to have been driving while intoxicated." (*Id.,* at p. 188.)

■ It therefore follows that the probation officer is obliged to give due weight to this policy when calculating whether a juvenile may be a suitable candidate for informal probation. Nevertheless, in resolving this question, the probation officer must view each minor individually and, therefore, may not adopt an inflexible policy of denying informal supervision to all who commit the crime of drunk driving. (*Paul D.* v. *Superior Court, supra,* 158 Cal.App.3d at p. 842.)

The prosecution also contends that the trial court is free to disregard the recommendations of the probation department and order the juvenile to

informal probation. (*Charles S. v. Superior Court* (1982) 32 Cal.3d 741, 746-747 [187 Cal.Rptr. 144, 653 P.2d 648].) This argument overlooks the statutory requirement that the *initial* determination to file a juvenile court petition rests with the probation department. (Welf. & Inst. Code, §§ 652-654.) This important function may not be ignored or delegated to the court, because it is a judgment expressly vested in the probation department. Moreover, the court is better served by having the benefit of the probation department's individual evaluation. (*Marvin F. v. Superior Court, supra,* 75 Cal.App.3d at p. 289.)

A particular offense may be of such nature that informal probation may be unlikely. Nevertheless, the probation department may not relinquish its responsibility to evaluate each case individually. Because of the varied and sometimes unusual circumstances in which offenses occur, even the most serious of offenses may on occasion merit informal probation.

■ Mandate is a proper remedy to correct an abuse of discretion by a lower tribunal. (*Coy v. Superior Court* (1962) 58 Cal.2d 210, 216 [23 Cal.Rptr. 393, 373 P.2d 457, 99 A.L.R.3d 678].) The instant petition has been served upon respondent court and real party. Real party has filed formal opposition to the petition. In such circumstances, this court is empowered to issue a peremptory writ of mandate without having first issued an alternative writ. (Code Civ. Proc., § 1088; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ issue directing respondent to vacate its September 22, 1986, order setting the matter for adjudication, and to refer the matter to the Ventura County Probation Department for the purpose of conducting an investigation in accordance with the requirements as set forth in California Rules of Court, rule 1307(e), to determine whether petitioner is suitable for informal supervision under Welfare and Institutions Code section 654.

The stay of proceedings issued by this court is dissolved.

Stone, P. J., and Abbe, J., concurred.

A petition for a rehearing was denied March 6, 1987, and the petition of real party in interest for review by the Supreme Court was denied May 14, 1987.