[No. C050918. Third Dist. Mar. 22, 2006.]

KODY P., a Minor, Petitioner, v.
THE SUPERIOR COURT OF BUTTE COUNTY, Respondent;
THE PEOPLE et al., Real Parties in Interest.

## COUNSEL

Law Offices of Berg & Associates, Eric Alan Berg and Teal M. Dixon for Petitioner.

No appearance for Respondent.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Charles A. French and Angelo S. Edralin, Deputy Attorneys General, for Real Parties in Interest.

## OPINION

**RAYE, Acting P. J.**—This petition for writ of mandate was brought by a minor charged with a misdemeanor in a petition filed under Welfare and Institutions Code section 602.[1] The minor claims the Butte County Probation Department considered him suitable to participate in a program of informal supervision (see § 654) but denied him the opportunity to participate in the program based solely on his refusal to admit the offense. He further claims this was done pursuant to the probation department's policy and that the juvenile court has accepted and endorsed that policy.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

As we shall explain, the probation representatives and the juvenile court have abused their discretion. The law requires an individualized assessment of a minor's suitability for informal supervision based on specified criteria. It is inconsistent with the nature of that assessment to apply a policy of categorical exclusion from informal supervision based on a minor's refusal to admit an offense. We shall direct the juvenile court to dismiss the section 602 petition and order the probation department to admit the minor to informal supervision.

## BACKGROUND

Provided that informal supervision under section 654 is not otherwise prohibited,[2] the probation department may admit a minor to such a program in lieu of filing a section 601 petition or requesting a prosecutor to file a petition under section 601.3 or 602. The probation department is required to assess the case to determine whether informal supervision is warranted based on factors specified in the California Rules of Court. (See Cal. Rules of Court, rules 1404, 1405.) An informal supervision program may not exceed six months, but the probation department retains the discretion to file a section 601 petition or refer the matter to the prosecutor "at any time within the six-month period or a 90-day period thereafter." (§ 654.) Section 654.2 gives the juvenile court the authority to order informal supervision after a section 602 petition is filed.

The following is a summary of what occurred in the current case. At the outset, we note that real parties in interest have not filed a return. Accordingly, "we accept as true the uncontradicted allegations of the petition and its supporting exhibits." (*Chambers v. Superior Court* (1981) 121 Cal.App.3d 893, 896 [175 Cal.Rptr. 575].)

The minor's mother met with a representative of the Butte County Probation Department before the section 602 petition was filed. She asserts in a declaration that she was willing to work with the probation department to set up whatever program of supervision or counseling for the minor it deemed appropriate. The probation officer seemed amenable until she learned that the minor had not admitted the underlying offense. At that point, the probation officer told the minor's mother there was no purpose in continuing the meeting and indicated they would see each other in court.

---

[2] A minor is presumptively ineligible for informal supervision in certain specified circumstances, none of which are at issue here. (See § 654.3.) If the presumption applies, the juvenile court may grant informal supervision "in an unusual case where the interests of justice would best be served and the court specifies on the record the reasons for its decision." (*Ibid.*)

The minor was charged in the section 602 petition with misdemeanor sexual battery. (Pen. Code, § 243.4, subd. (e)(1).) According to the petition, the minor was 11 years old at the time of the incident. Defense counsel described the charge on the record as an accusation that the minor "pinch[ed] a girl's butt in gym class."

Two attorneys who are representing the minor have submitted declarations along with the current writ petition. One of the attorneys asserts that he spoke with a representative from the probation department before the matter was called in court and was told the department had determined the minor was suitable for informal supervision except for his failure to admit the offense. The other attorney states the prosecutor told him that all minors who wanted informal supervision had to admit their offenses.

At a hearing in juvenile court on August 23, 2005, the minor's attorney indicated he understood it was the probation department's position that informal supervision would be "fine." But counsel explained the problem was that the probation department apparently had a policy of not allowing informal supervision if the minor refused to admit the crime. The court asked whether the minor would "admit it so that he can get the 654," or whether the defense wanted to set it for a contested hearing. Counsel indicated the defense did not believe an admission was required.

A short discussion followed:

"The Court: The 654 is up to the probation department, isn't it? It's up to you.

"Ms. Maddock [probation officer]: It's done at the request of the probation department, yes.

"Mr. Berg [defense counsel]: But they have to follow certain rules.

"The Court: What is your position then?

"Ms. Maddock: Our position is, we can't offer someone 654 if they're not going to take responsibility for their actions.

"The Court: Okay. That's simple enough.

"Mr. Noel [prosecutor]: The cornerstone of any rehabilitative program is admission and taking responsibility. You can't rehabilitate someone if they refuse to admit they did anything wrong.

"The Court: That's the primary purpose for juvenile law.

"Mr. Noel: Exactly."

The minor's counsel asked the juvenile court to set the case for a hearing on whether the minor should be granted informal supervision. The court said they could "have the hearing right now," but counsel said he wanted "to file papers as to the law on that, and whether or not that would be appropriate in this case." The court denied the request and commented that the minor could appeal. Counsel represents to this court that he had points and authorities with him at the time that he had been prepared to file.

Defense counsel consulted with the minor and then stated the minor would be willing to admit what was required. The juvenile court was prepared to take the admission on the record, but counsel requested that the matter be continued so the minor could meet with a probation officer. The prosecutor agreed, explaining: "Generally, the way we do these would be that the Court would continue this over for a couple weeks, order him to meet with the probation officer and convince the probation officer that he understands the nature of the charges and takes responsibility." The probation officer present at the hearing also agreed with this proposal. The court continued the matter so the minor could consult with a probation officer.

The minor ultimately refused to admit the offense. The next court hearing was held on September 13, 2005. No transcript of the hearing is included with this petition; however, counsel explains that the juvenile court and probation department were unwilling to revisit the issue, and the court continued the case so the minor could file this petition for writ of mandate.

On October 7, 2005, the minor filed the instant petition for writ of mandate in this court. Before acting on the petition, this court requested written opposition from real parties in interest. Real parties in interest (represented by the Attorney General) filed an informal letter brief on November 29, 2005, and a corrected version of the brief on December 2, 2005. On December 12, 2005, this court issued an alternative writ. Real parties in interest have not filed a return.

## DISCUSSION

■ The minor claims the Butte County Probation Department erred by conditioning informal supervision on his willingness to admit the alleged offense, and the court erred in ratifying and adopting the same policy. The minor's position is supported by *Paul D. v. Superior Court* (1984) 158 Cal.App.3d 838 [205 Cal.Rptr. 77] (*Paul D.*).

In that case, the minor was charged in a section 602 petition with misdemeanor battery. (*Paul D., supra*, 158 Cal.App.3d at p. 840.) His counsel informed the juvenile court that during a brief interview with the probation officer, the minor had denied involvement in the offense. (*Ibid.*) Counsel reported that the officer refused to consider the minor for informal supervision under a department policy not to accept minors for such supervision unless they admitted the charges against them. (*Ibid.*) The probation officer confirmed this was the department policy. (*Ibid.*) The minor's counsel challenged the policy and moved for the court to refer the matter to the department for consideration of informal supervision. (*Ibid.*) The juvenile court indicated it did not believe it had authority to order the department to exercise its discretion under section 654 after the section 602 petition was filed, and the court set the matter for a contested hearing. (*Paul D., supra*, 158 Cal.App.3d at p. 840.) The minor filed a petition for writ of mandate or prohibition with the appellate court. (*Id.* at pp. 839–840.)

■ The appellate court found that the probation department had abused its discretion by refusing to consider the minor for informal supervision. (*Paul D., supra*, 158 Cal.App.3d at p. 842.) The court noted that the factors to be considered in determining eligibility for informal supervision were specified in the California Rules of Court. (*Paul D., supra*, at p. 841.) The court observed that no admission of guilt was required under the law as a precondition to informal supervision, and the court declined to imply one. (*Id.* at p. 842.) The court recognized that after the filing of the section 602 petition, the discretion to place the minor on informal supervision was vested with the juvenile court. (*Paul D., supra*, 158 Cal.App.3d at p. 842.) The appellate court issued a writ directing the juvenile court to refer the matter to the probation department to determine, consistent with the factors specified in the California Rules of Court, whether the minor was suitable for informal supervision. (*Paul D., supra*, at p. 843.)

■ The court's reasoning in *Paul D.* is persuasive and consistent with current law. Preliminarily, we note that the California Rule of Court cited in *Paul D.* is essentially the same as the current rule. At that time, California

Rules of Court, former rule 1307(e) specified nine factors that were to be considered. (See *Paul D.*, *supra*, 158 Cal.App.3d at p. 841 & fn. 4.) The same factors are contained within the current rule, California Rules of Court, rule 1405(b).[3] Only minor edits have been made to the language. We note that one factor requires consideration of the attitude of the minor, which could encompass the minor's attitude toward the charge. (See Cal. Rules of Court, rule 1405(b)(4).) Further, one factor allows consideration of any circumstance indicating that informal supervision "would be consistent with the welfare of the child and the protection of the public." (Cal. Rules of Court, rule 1405(b)(9).) An admission might be a positive factor suggesting the minor is amenable to a program of informal supervision. But there is no support for conditioning informal supervision on the minor's admission of the offense. Assuming there are no criteria excluding the minor, the probation department must make an individualized assessment of the minor's suitability for informal supervision after considering the relevant factors. (Cf. *Mark F. v. Superior Court* (1987) 189 Cal.App.3d 206, 209–210 [234 Cal.Rptr. 388].)

Real parties in interest do not directly take issue with the minor's claims concerning the duties of the probation department. Rather, real parties in interest claim the probation department's policy cannot be challenged in the current case because a section 602 petition was filed, and at that point, it became the juvenile court's responsibility to decide whether informal supervision was warranted. Real parties in interest explain: "[A]ny policy the Butte County Probation Office may have is immaterial given the status of the proceedings and the juvenile court's independent denial of petitioner's request for informal supervision." According to real parties in interest, the issues raised are "moot."

We disagree. There would have been little to challenge until the probation department denied informal supervision and referred the case for prosecution. Further, the probation department's policy is most clearly evidenced by the probation officer's statements on the record at the subsequent court hearing.

---

[3] Rule 1405(b) of the California Rules of Court provides: "In determining whether to undertake a program of informal supervision of the child not described by rule 1404(d), the social worker or probation officer shall consider: [¶] (1) If the condition or conduct is not considered serious, whether the child has had a problem in the home, school, or community which indicates that some supervision would be desirable; [¶] (2) Whether the child and the parent or guardian seem able to resolve the matter with the assistance of the social worker or probation officer and without formal court action; [¶] (3) Whether further observation or evaluation by the social worker or probation officer is needed before a decision can be reached; [¶] (4) The attitudes of the child and the parent or guardian; [¶] (5) The age, maturity, and capabilities of the child; [¶] (6) The dependency or delinquency history, if any, of the child; [¶] (7) The recommendation, if any, of the referring party or agency; [¶] (8) The attitudes of affected persons; and [¶] (9) Any other circumstances that indicate that a program of informal supervision would be consistent with the welfare of the child and the protection of the public."

The minor challenged the policy in juvenile court, and there was no *independent* denial of the request for informal supervision by the juvenile court. The court accepted and endorsed the probation department's policy and indicated the court would dismiss the petition if the minor admitted the charge. Following the minor's refusal to admit the charge, it was reasonable to institute the present writ proceedings.

Real parties in interest also suggest that the minor's claim should not be considered because informal supervision could be granted after the matter proceeds to a contested hearing. Real parties in interest rely on section 725, subdivision (a), which provides for possible probation dispositions after a contested hearing. This statute, however, refers to a more formal probationary period rather than a program of informal supervision under section 654. (Compare § 654 with §§ 725, 729.2.) In any case, the minor lacks an adequate remedy at law to challenge the probation department's policy and should not be required to undergo a contested hearing.

The minor asks this court to order the juvenile court to dismiss the section 602 petition and allow him to participate in informal supervision. We could, as in *Paul D., supra,* 158 Cal.App.3d at page 843, instead direct the juvenile court to have the probation department consider the suitability of the minor for informal supervision. But we agree with the minor that a further evaluation is unnecessary here because it is clear from the evidence that the probation department considered him to be suitable for informal supervision. The *only* reason it was denied was that the minor did not want to admit the underlying conduct.[4] The juvenile court likewise indicated it was prepared to dismiss the section 602 petition if the minor admitted the charge.

We note that the minor also requests an injunction against the Butte County Probation Department directing it to cease its policy of conditioning informal supervision upon a minor's willingness to admit the underlying conduct or charge. We decline to grant this relief. There is no reason to expect that the county will continue to enforce the policy in light of our disapproval. If that is not the case, the matter may again be brought to our attention in an appropriate case.

---

[4] In light of our decision, it is unnecessary to address the minor's additional claim that it would violate his constitutional right against self-incrimination to condition informal supervision on his admission to the offense. (See U.S. Const., 5th & 14th Amends.; Cal. Const., art. I, § 15.)

## CONCLUSION

Let a peremptory writ of mandate issue directing respondent Butte County Superior Court to dismiss the Welfare and Institutions Code section 602 petition against the minor and to order the Butte County Probation Department to admit the minor to a program of informal supervision pursuant to Welfare and Institutions Code section 654 upon the minor's expression on the record of his willingness to participate in the program. The alternative writ issued in this proceeding on December 12, 2005, is discharged.

Morrison, J., and Butz, J., concurred.