Filed 10/11/24  In re G.A. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re G.A., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B330060 (Super. Ct. No. NJ30329) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>G.A.,<br><br>    Defendant and Appellant. | |

G.A., a minor, appealed a May 1, 2023, $3,347.45 restitution order.  On June 6, 2023, the juvenile court sustained a Welfare and Institutions Code section 602 petition alleging G.A. committed battery.[1]  (Pen. Code, § 243, subd. (d).)  G.A's counsel

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

did not appeal the June 6 order.  G.A. seeks relief for his counsel's omission.

We conclude, among other things, that 1) under the liberal construction rule, the notice of appeal is timely; and 2) G.A. is not entitled to a reversal based on the recent amendment in Assembly Bill No. 1643 (2023 Reg. Sess.) to section 653.5, subdivision (c)(7) that has increased the eligibility for informal probation for juveniles.  (Stats. 2023, ch. 850, § 1.)  We affirm.

FACTS

On March 2, 2021, G.A. and M.R. were patients at a hospital.  M.R. "blew a kiss" at G.A.  G.A. punched M.R. in the jaw, causing fractures to his lower jaw.

The People filed a section 602 petition on December 9, 2021, alleging G.A. committed battery with serious bodily injury (Pen. Code, § 243, subd. (d)), a misdemeanor.

On June 7, 2022, G.A. was placed on informal probation under section 654.2.

On May 1, 2023, the trial court held a hearing on victim restitution.  It ordered G.A. to pay restitution in the amount of $3,347.45.

On May 9, 2023, the People filed a second section 602 petition, alleging G.A. attacked his ex-girlfriend.  G.A. sent her threatening messages.  He went to her school.  When she ran from him, he chased her, pushed her down, and "began punching her."  When he was detained, he was searched and had in his possession a box cutter and a knife.

At a hearing on May 10, 2023, the trial court terminated his informal probation.  It said, "In light of the current petition, that [section] 654 is lifted at this time."

On June 6, 2023, the trial court sustained the December 9, 2021, petition after G.A. admitted committing battery. It declared him a ward of the court, and placed him in the custody of the probation officer and on home probation.

On June 29, 2023, G.A.'s trial counsel filed a notice of appeal of the May 1, 2023, restitution order and checked box 7i of the Judicial Council JV-800 form.

## DISCUSSION

### *Is this Appeal Timely?*

The People argue this appeal must be dismissed because G.A.'s counsel appealed only the restitution order, not the order sustaining the section 602 petition, the relevant order for this appeal.

We use a "liberal construction" of the notice of appeal. (*In re Madison W.* (2006) 141 Cal.App.4th 1447, 1450; see also *In re Angelina E.* (2015) 233 Cal.App.4th 583, 585, fn. 2.) This rule prevents unintended forfeitures of rights so that cases can be heard on their merits. (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882.)

The Judicial Council JV-800 form, "Notice of Appeal–Juvenile," is an all purpose appeal form used for section 602 and dependency cases. It contains a series of boxes that can be checked for the numerous types of appealable orders in these cases. It is not uncommon that lawyers make mistakes in checking these boxes. In *In re Madison W.*, *supra*, 141 Cal.App.4th at pages 1449-1450, counsel appealed the order terminating parental rights, but not the order denying a section 388 petition.

The court held it would "liberally construe a parent's notice of appeal from an order terminating parental rights to encompass

3

the denial of the parent's section 388 petition." (*In re Madison W.*, *supra*, 141 Cal.App.4th at p. 1451.) It concluded this liberal construction rule would avoid endless litigation over lawyer's mistakes in filing notices of appeal.

Here G.A.'s trial counsel did not check box 7g on the JV-800 form, which applies to "declaration of wardship and other orders." Had counsel checked that box, the notice of appeal date would have been timely for a review of the order sustaining the section 602 petition. (*In re Madison W.*, *supra*, 141 Cal.App.4th at p. 1451.) The liberal construction rule is based on the premise that a lawyer's mistake should not lead to a forfeiture of the appellant's rights. (*Ibid.*)

Moreover, habeas relief is also available for a defective notice of appeal. In *In re Anthony J.* (2004) 117 Cal.App.4th 718, 725, counsel, as here, failed to appeal the order sustaining the petition and only appealed the restitution order. The court ruled that because this omission constituted ineffective assistance of counsel, the appellant was not barred from having his case decided on the merits. (*Ibid.*)

When the appellant can point to an arguable issue on the merits, courts have provided relief for counsel errors involving appeals. In *People v. Byron* (2009) 170 Cal.App.4th 657, 667, the court held that "[g]iven the *possibility* [appellant] *might be able to make* out an ineffective assistance of counsel claim based on defense counsel's failure to file a timely notice of appeal, . . . we will treat his purported appeal as a habeas corpus petition and reach his contention." (Fn. omitted, italics added.)

G.A. contends a recent statutory change (Assem. Bill No. 1643) is retroactive and it provides him with the possibility of receiving informal probation. But he claims to reach that issue

4

he has to challenge the order sustaining the section 602 petition. We will construe the notice of appeal liberally as an appeal of the order sustaining the petition and proceed to the merits.

*Eligibility for Informal Probation*

G.A. contends his restitution order of $3,347.45 made him ineligible for informal probation in 2023 because it exceeded the $1,000 limit on restitution orders required by section 653.5, subdivision (c)(7). (§ 654; *In re A.J.* (2019) 39 Cal.App.5th 1112, 1118; *John O. v. Superior Court* (1985) 169 Cal.App.3d 823, 828.) But Assembly Bill No. 1643, operative in 2024, amended section 653.5, subdivision (c)(7) to increase the restitution limit to $5,000 and expand the eligibility for informal probation unless the restitution amount "exceeds $5,000." G.A.'s restitution amount of $3,347.45 does not exceed the new $5,000 limit. The trial court placed him on home probation with conditions. He claims he is now entitled to a reversal because this change in the law allows him to be eligible for informal probation.

But, as the People note, the trial court did not terminate G.A.s informal probation (§ 654) because of the restitution order. Instead, at the May 10, 2023, hearing, the court terminated his informal probation because of the recent section 602 petition involving his violent attack on his ex-girlfriend. The court said that "he's been on [section] 654" informal probation. *"In light of the current petition*, that [section] 654 is lifted at this time." (Italics added.)

G.A. contends that because the new petition had not been adjudicated, the trial court therefore did not have facts or evidence to support grounds to terminate his informal probation on May 10. But G.A.'s counsel did not object to the facts the prosecutor recited regarding the new petition and did not make

5

an offer of proof to challenge the prosecutor's statement about that violent incident.

Moreover, the trial court had a "detention report" filed May 9, 2023. It also had two prior probation department reports filed on March 23, 2023, and April 26, 2023. In the March 23 report, the probation department stated that M.R. had filed a claim for victim restitution. In the April 26 report, the probation department noted that G.A. had been "aggressive" toward his mother and he had been hospitalized for "drug addiction" problems. At the May 1, 2023, hearing, the court heard testimony from M.R. about the serious injuries he suffered as a result of G.A.'s violent attack.

Moreover, on June 6, 2023, G.A. admitted the facts of the first petition. In sustaining the petition, the trial court elected not to place G.A. on informal probation again. Whether to grant informal probation falls within the trial court's sound discretion. (*John O. v. Superior Court*, *supra*, 169 Cal.App.3d at p. 828.)

Because the trial court had terminated G.A.'s previous placement on informal probation, and given his violent attacks on M.R. and his ex-girlfriend, the court did not abuse its discretion by not placing him on informal probation again. G.A. has not met his burden to show that a remand because of the change in the law would lead to a different result.

DISPOSITION

The order sustaining the petition is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

BALTODANO, J.          CODY, J.

6

John C. Lawson II, Judge

Superior Court County of Los Angeles

_____

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Chelsea Zaragoza, Deputy Attorneys General, for Plaintiff and Respondent.