[No. D059598. Fourth Dist., Div. One. May 23, 2012.]

In re JOEY G., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOEY G., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part II.

COUNSEL

Michael A. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HUFFMAN, Acting P. J.**—Joey G., a minor, was charged with one count of felony grand theft of personal property (Pen. Code, §487, subd. (a); count 1) and one count of felony receipt of stolen property (Pen. Code, § 496, subd. (a); count 2). After the first count was reduced to a misdemeanor and the second count was dismissed, Joey admitted to the allegation of the first count. The court returned a true finding as to count 1 and declared Joey a ward of the court.

Joey appeals, arguing the court erred when it failed to obtain and consider a joint report pursuant to Welfare and Institutions Code[1] section 241.1 and make a determination as to whether the status of ward or dependent would best serve his interests. Joey also argues he is entitled to the benefit of the 2011 amendment to Penal Code section 487, subdivision (a), which increased the threshold dollar amount for grand theft.

In the published portion of this opinion, we reverse the court's decision regarding Joey's status as a ward and remand the judgment to permit the court to obtain and consider a joint report prepared by Joey's probation officer and social worker in accordance with section 241.1. We publish on this issue to underscore the importance that the juvenile court follow the Legislature's clear instructions in section 241.1. In the unpublished portion of this opinion, we reverse and remand the judgment based on the 2011 amendment to Penal Code section 487, subdivision (a).

## FACTUAL AND PROCEDURAL HISTORY

Joey G. stole a cell phone worth $600 while he was a court-placed foster child. Joey committed the crime in his foster placement home. Following his arrest, Joey was found to be a section 300 ward of Imperial County.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

Subsequently, the court found Joey's crime placed him within section 602 of juvenile court law in San Bernardino County. Without an additional hearing, the court ultimately determined that Joey fell under section 602 and not section 300 and ordered Joey detained as a ward of the juvenile court.

The Imperial County Probation Department created a disposition/social study and case plan for Joey in which it recommended Joey be declared a ward of the court pursuant to section 602. The record does not make it clear whether the court considered this report when it came to the same conclusion. The report included a description of the "present problem" including the series of events leading up to Joey's arrest as well as information Joey provided to officers after he was in custody. It described Joey in terms of his address, date of birth, physical qualities, family background, court information, and his education. The report also included Joey's history of abuse, delinquent behavior, and substance abuse. It contained a statement from Joey's aunt regarding Joey's behavior and home life, a description of Joey's placement under section 300, and a list of services and counseling that have been available to him. The report listed additional services available to assist Joey, including preplacement services and potential group home placements. Finally, the probation officer's report referred to a conversation between Joey's social worker and the probation officer in which the social worker described Joey as "a good kid who has the potential to do well and be successful" even though Joey has been offered "a multitude of services [and] has failed to take advantage of them."

## DISCUSSION

Joey contends the court abused its discretion when it failed to obtain and consider a joint report pursuant to section 241.1 and make a determination as to whether the status of ward or dependent would best serve his interests. Joey also contends he is entitled to the benefit of the 2011 amendment to Penal Code section 487, subdivision (a), which increased the threshold dollar amount for grand theft.

We review the court's judgment under an abuse of discretion standard. (*In re Michael D.* (1987) 188 Cal.App.3d 1392, 1395 [234 Cal.Rptr. 103].) To show abuse of discretion, the appellant must demonstrate the juvenile court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a miscarriage of justice. (*People v. Jordan* (1986) 42 Cal.3d 308, 316 [228 Cal.Rptr. 197, 721 P.2d 79].) We will not lightly substitute our decision for that rendered by the juvenile court and we must indulge all reasonable inferences to support the juvenile court's decision. (*In re Michael D., supra*, 188 Cal.App.3d at p. 1395.)

## I

### WELFARE AND INSTITUTIONS CODE SECTION 241.1— JOINT REPORT

 Under section 300, a child who is neglected or abused falls within the juvenile court's protective jurisdiction as a " 'dependent child of the court.' " (*D.M. v. Superior Court* (2009) 173 Cal.App.4th 1117, 1123 [93 Cal.Rptr.3d 418] (*D.M.*).) As a dependent, the juvenile court may remove the minor from the home, or place the minor in alternative care that meets his or her needs for custody, care and guidance. (*In re Donald S.* (1988) 206 Cal.App.3d 134, 137 [253 Cal.Rptr. 274].) Alternatively, the juvenile court may take jurisdiction over a minor as a " 'ward of the court' when the child is habitually disobedient or truant," under section 601, or commits a crime, under section 602. (*D.M., supra,* at p. 1123.) When a minor is adjudged a ward of the court, the minor is subject to more-restrictive placements because of his or her criminal conduct and the court may commit the minor to a juvenile home, ranch, camp, forestry camp, or juvenile hall. (*In re Donald S., supra,* at p. 137.) The Legislature has declared that a minor cannot simultaneously be both a dependent and a ward of the juvenile court. (*In re Marcus G.* (1999) 73 Cal.App.4th 1008, 1012 [87 Cal.Rptr.2d 84].)

Section 241.1 sets forth the procedure for handling cases with dual jurisdiction in which a minor is both a dependent under section 300 and a ward under section 601 or 602. It requires the probation department and the welfare department to jointly develop a written protocol to determine which status will best serve the interests of the minor and the protection of society. Once completed, the report is presented to the juvenile court for a determination of the appropriate status for the minor. (*In re Marcus G., supra,* 73 Cal.App.4th at pp. 1012–1013.) The joint assessment report must contain the joint recommendation of the probation and child welfare departments and also include (1) a description of the nature of the referral, (2) the age of the child, (3) the history of any physical, sexual or emotional abuse of the child, (4) the prior record of the child's parents for abuse of this or any other child, (5) the prior record of the child for out-of-control or delinquent behavior, (6) the parents' cooperation with the child's school, (7) the child's functioning at school, (8) the nature of the child's home environment, (9) the history of involvement of any agencies or professionals with the child and his or her family, (10) any services or community agencies that are available to assist the child and his or her family, (11) a statement by any counsel currently representing the child, and (12) a statement by any court-appointed special advocate (CASA) volunteer currently appointed for the child. (*D.M., supra,* 173 Cal.App.4th at p. 1124.)

Additionally, it is the juvenile court facing the problem of dual jurisdiction that must determine whether the minor should be treated either as a dependent child under section 300 or a delinquent minor under section 601 or section 602. (*In re Marcus G., supra*, 73 Cal.App.4th at p. 1013.)

■ We note there is limited case law regarding the issue before us. In fact, we found only two reported decisions substantially dealing with section 241.1. In *In re Marcus G.*, the Court of Appeal concluded there was no report as specified in section 241.1. (*In re Marcus G., supra*, 73 Cal.App.4th at p. 1015.) *D.M., supra*, 173 Cal.App.4th at page 1124, involved a report that satisfied the section 241.1 requirements but was ultimately deemed unnecessary. Here, we determine a joint report under section 241.1 was required and the probation officer's report did not suffice.

*In re Marcus G., supra*, 73 Cal.App.4th 1008, involved a similar issue as here in which a minor, who had been declared a dependent and was living in foster care, was later declared a ward of the court after he was arrested for robbery. When the court addressed the issue of the minor's dual jurisdiction, it noted the record did not show the procedures set forth in section 241.1 were followed. (*In re Marcus G., supra*, at pp. 1013–1014.) It concluded the juvenile court was not presented with a joint assessment by the probation and welfare departments as required by section 241.1. The court determined that at most, the juvenile court was presented with a report and declaration by the social worker outlining the duplicative services that would be provided if dependency jurisdiction were maintained. (*In re Marcus G., supra*, at p. 1014.) However, the juvenile court was not presented with an assessment in light of the factors specified in section 241.1 and nothing in the social worker's report indicated how the probation department would address the minor's hyperactivity, learning disabilities, attention deficit disorder and emotional problems. (*In re Marcus G., supra*, at p. 1015.)

More recently, Division Three of this district discussed requirements of a section 241.1 report, although it ultimately determined no section 241.1 report was required because the minor was not a ward when the juvenile court assumed jurisdiction over her as a dependent child. (*D.M., supra*, 173 Cal.App.4th 1117, 1124.) The court determined the report properly listed the 12 criteria set forth in section 241.1 and specified how all but one favored dependency rather than wardship. (*D.M., supra*, at p. 1125.) The report expressly mentioned the social worker " 'conferred' " with the minor's current and former probation officers and because the parties agreed dependency status was more appropriate than wardship, there was no need for the two agencies to submit separate recommendations. (*Ibid.*) Because of the prereport consultation between the social worker and the probation officers, and their joint preference for dependency status, the court could reasonably

infer the report reflected both organizations' joint conclusion concerning the relevance of the 12 criteria. (*Ibid.*)

Here, we determine the procedures set forth in section 241.1 were not followed. As a threshold matter, the record does not show a joint report was created and presented to the court in accordance with section 241.1. Further, although the People reference the probation officer's report, this report was not sufficient under section 241.1. The report was created by the probation officer alone and did not include a joint recommendation from both the probation officer and the social worker as required by the statute. For example, there is no evidence the probation officer and the social worker agreed on the appropriate status for Joey nor does the record contain any evidence that such an agreement existed between the two agencies, negating the requirement for separate recommendations. The telephone conversation between the probation officer and the social worker referenced in the probation officer's report was not a joint agreement between the two agencies regarding what status would most benefit Joey and the public. During the conversation, the social worker merely stated his own opinions regarding the history of Joey's behavior in his placements and Joey's failure to take advantage of the services offered to him. He did not provide any suggestions or guidance for how to determine Joey's status or how to proceed.

Additionally, the probation officer's report did not address all 12 criteria that the statute requires. It failed to consider the minor's parents' prior record for abuse of this minor or any other child, the parents' cooperation with the minor's school, a statement by any counsel currently representing the child, and a statement by any CASA volunteer currently appointed for the child. The criteria that were mentioned in the report also did not specify how each one favored dependency or wardship even though in its entirety, the report recommended the minor be declared a ward of the court. Simply put, the report falls far short of the requirements of section 241.1.

Even if the probation officer's report had satisfied the requirements set forth in section 241.1, we nevertheless would not be satisfied, on the record before us, that the report served its purpose under the statute. The record provides no indication the court was even presented with the probation officer's report. Further, it is unclear in the record whether the court reviewed the report before making its determination.

In summary, the report fails to satisfy the requirements of section 241.1. In addition, there is no indication the court even considered the report. As such, the court abused its discretion when it found Joey a ward of the court.

## II

### *2011 AMENDMENT—PENAL CODE SECTION 487*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is reversed and remanded.

McIntyre, J., and O'Rourke, J., concurred.

---

[*]See footnote, *ante*, page 343.