Filed 3/9/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re D.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Appellant, v. D.P., Defendant and Respondent. | E068174 (Super.Ct.No. RIJ1600223) OPINION |

APPEAL from the Superior Court of Riverside County. Mark E. Petersen, Judge. Reversed.

Michael A. Hestrin, District Attorney, and Alan D. Tate, Senior Deputy District Attorney, for Plaintiff and Appellant.

Steven L. Harmon, Public Defender, and Laura B. Arnold, Deputy Public Defender, for Defendant and Respondent.

Welfare and Institutions Code[1] section 653.5, subdivision (d) provides: "In all matters where the minor is not in custody and is already a ward of the court or a probationer under Section 602, the prosecuting attorney, *within five judicial days* of receipt of the affidavit from the probation officer, shall institute proceedings in accordance with his or her role as public prosecutor pursuant to subdivision (b) of Section 650 of this code and Section 26500 of the Government Code, unless it appears to the prosecuting attorney that the affidavit was not properly referred or that the offense for which the minor was referred requires additional substantiating information, in which case he or she shall immediately notify the probation officer of what further action he or she is taking." (Italics added.)

At all relevant times, minor D.P. was already a ward of the court and a probationer under section 602, plus he was not in custody. The prosecuting attorney, however, filed a subsequent section 602 petition against him not five judicial days, but some 39 judicial days after receiving the affidavit from the probation officer. For this reason, the trial court dismissed the petition as untimely under section 653.5, subdivision (d).)

The People appeal. We will reverse. We will hold that the five-day time limit of section 653.5, subdivision (d) is directory, rather than mandatory; this means that a petition filed in violation of the five-day time limit is nevertheless valid.

---

[1] All further statutory citations are to the Welfare and Institutions Code, unless otherwise indicated.

I

FACTUAL AND PROCEDURAL BACKGROUND

In March 2016, the People filed an original petition under section 602 against the minor. In June 2016, he admitted a violation of Vehicle Code section 23152, subdivision (a) (driving under the influence) and a violation of Vehicle Code section 23224, subdivision (a) (driving in possession of alcohol). The juvenile court declared him a ward and placed him on probation for 20 months.

On November 8, 2016, the Probation Department received an "Application for Juvenile Court Petition" (application) from the Riverside Police Department. The application reported that the minor had been arrested; it attached the police report, and requested that a juvenile court petition be filed.[2]

On November 16, 2016, the district attorney's office received the application from the Probation Department.

On December 19, 2016, a deputy district attorney determined that a petition should be filed.

On January 17, 2017, the People filed a subsequent petition under section 602, alleging a violation of Penal Code section 594, subdivision (b)(2)(A) (vandalism under $400).

---

**2**     The parties do not dispute that the application was an affidavit within the meaning of section 653.5. It was not actually made under oath. However, it has been held that this is not fatal to the juvenile court's jurisdiction. (*Marvin F. v. Superior Court* (1977) 75 Cal.App.3d 281, 287–288.)

The minor filed a motion to dismiss the subsequent petition as untimely under section 653.5, subdivision (d).  In opposition, the People argued that the five-day time limit of section 653.5, subdivision (d) is directory rather than mandatory.

The juvenile court granted the motion and dismissed the subsequent petition.  It commented, "I'm sure I will get taken up on this either way I rule because we want clarity, and I want clarity too.  So I'm going to go with the plain meaning of the statute, which is it shall have been filed, and in this case it was not."

II

THE EFFECT OF A VIOLATION OF THE FIVE-DAY TIME LIMIT

A.    *The Five-Day Time Limit Is Not Limited to Petitions Based on Truancy.*

Preliminarily, the People contend that the five-day time limit, by its terms, applies only to petitions based on truancy and not to petitions based on a violation of the law.  They focus on the following language, and in particular on the italicized portion:  "[T]he prosecuting attorney, within five judicial days of receipt of the affidavit from the probation officer, shall institute proceedings in accordance with his or her role as public prosecutor *pursuant to subdivision (b) of Section 650 of this code and Section 26500 of the Government Code . . . .*"  (§ 653.5, subd. (d), italics added.)

Government Code section 26500 provides:  "The public prosecutor . . . shall initiate and conduct on behalf of the people all prosecutions for public offenses."

4

Section 650 provides:

"(a) Juvenile court proceedings to declare a minor a ward of the court pursuant to Section 601 are commenced by the filing of a petition by the probation officer except as specified in subdivision (b).

"(b) Juvenile court proceedings to declare a minor a ward of the court *pursuant to subdivision (e) of Section 601.3* may be commenced by the filing of a petition by the probation officer or the district attorney after consultation with the probation officer.

"(c) Juvenile court proceedings to declare a minor a ward of the court pursuant to Section 602 are commenced by the filing of a petition by the prosecuting attorney." (Italics added.)

Finally, section 601.3, subdivision (e) provides: "[T]he probation officer or the district attorney . . . may file a petition pursuant to Section 601 if the district attorney or the probation officer determines that available community resources cannot resolve [a] truancy problem, or if the pupil or the parents or guardians of the pupil, or both, have failed to respond to services provided or to the directives of the school, the school attendance review board, the probation officer, or the district attorney."

The People dismiss Government Code section 26500 as irrelevant because supposedly it "does not clearly reference to what type of petitions it refers." They conclude that the reference to section 650, subdivision (b), which in turn refers to section 601.3, subdivision (e), is controlling and that collectively, these statutes limit the application of the five-day time limit to truancy cases.

5

But we cannot so blithely ignore Government Code section 26500. A petition under section 602, alleging a violation of the law, is a "prosecution[] for [a] public offense[]" within the meaning of Government Code section 26500.[3] A petition under section 601, alleging truancy, is not. If the five-day time limit was intended to apply exclusively to truancy petitions, there would have been no reason to mention Government Code section 26500. Thus, as we read the five-day time limit: (1) the reference to "subdivision (b) of Section 650 of this code" makes it applicable to truancy petitions under section 601, and (2) the reference to "Section 26500 of the Government Code" makes it additionally applicable to petitions under section 602.

D.      *The Five-Day Time Limit Is Directory*.

The People also contend that the five-day time limit is directory.

    1.      *The "mandatory"/"directory" dichotomy*.

"A statutory requirement may impose on the state a duty to act in a particular way, and yet failure to do so may not void the governmental action taken in violation of the duty. [Citations.] This distinction is generally expressed in terms of calling the duty 'mandatory' or 'directory.' '[T]he "directory" or "mandatory" designation . . . simply denotes whether the failure to comply with a particular procedural step will or will not

---

**3**      It is hornbook law that a delinquency proceeding is not a "*criminal* prosecution." (§ 203, italics added.) Nevertheless, a delinquency proceeding, when filed under section 602, is a prosecution for a "public offense," as it must allege the violation of a law defining a crime. (See also *In re E.G.* (2016) 6 Cal.App.5th 871, 876–877 [statute's use of language normally limited to adult criminal proceedings is not dispositive of whether statute applies to juveniles].)

have the effect of invalidating the governmental action to which the procedural requirement relates.' [Citation.]" (*In re Richard S*. (1991) 54 Cal.3d 857, 865.)

"Courts determine whether an obligatory statutory provision should be given mandatory or directory effect by ascertaining the legislative intent. [Citation.]" (*City of Santa Monica v. Gonzalez* (2008) 43 Cal.4th 905, 924.) "'There is no "'simple, mechanical test'"' for making this determination.' [Citation.]" (*Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 343.) The Welfare and Institutions Code provides that "'[s]hall' is mandatory and 'may' is permissive." (§ 15.) Nevertheless, "'[n]either the word "may," nor the word "shall," is dispositive.' [Citation.] The context of the language, as well as other indicia of legislative intent, must be considered. [Citation.]" (*People v. Lara* (2010) 48 Cal.4th 216, 227; see *Sheyko v. Saenz* (2003) 112 Cal.App.4th 675, 697 [dealing specifically with the Welfare and Institutions Code].)

"'[U]nless the Legislature clearly expresses a contrary intent, time limits are typically deemed directory.' [Citations.]" (*Kabran v. Sharp Memorial Hospital*, *supra*, 2 Cal.5th at p. 343.) "Some courts have held that the presumption may only be overcome where "'a consequence or penalty is provided for failure to do the act within the time commanded.'" [Citations.] Other courts have looked to whether the consequences of holding a time limitation mandatory or jurisdictional 'would defeat or promote the purpose of the enactment.' [Citation.]" (*Ibid*.) "'Invariably, "courts look to the procedure's purpose or function"' in assessing whether "'noncompliance has an invalidating effect."' [Citation.]" (*Id*. at p. 346.)

7

2.     *The juvenile charging process.*

"[T]he juvenile court may take jurisdiction over a minor as a '"ward of the court"' when the child is habitually disobedient or truant' under section 601 or commits a crime under section 602. [Citation.]" (*In re Joey G.* (2012) 206 Cal.App.4th 343, 347.)

"Whenever any person applies to the probation officer to commence proceedings in the juvenile court, the application shall be in the form of an affidavit alleging that there was or is within the county, or residing therein, a minor within the provisions of Section 602, or that a minor committed an offense described in Section 602 within the county, and setting forth facts in support thereof. The probation officer shall immediately make any investigation he or she deems necessary to determine whether proceedings in the juvenile court shall be commenced." (§ 653.5, subd. (a).)

If the probation officer determines that a wardship petition under section 602 should be filed, he or she must send the affidavit to the prosecuting attorney. (§ 653.5, subds. (b), (c).) If the minor is presumptively ineligible for informal probation,[4] the probation officer must send the affidavit within 48 hours. (§ 653.5, subd. (c).) Otherwise, the probation officer must send the affidavit within 21 court days. (§ 653.7.)

---

**4**     To be more precise, there are eight statutory circumstances in which the probation officer must send the affidavit within 48 hours (§ 653.5, subd. (c)), and there are eight statutory circumstances in which a minor is presumptively ineligible for informal probation (§ 654.3). Seven of these circumstances are substantively identical. The eighth, in each instance, is generally based on recidivism; however, the statutes specify the necessary recidivism differently. (Compare § 653.5, subd. (c)(2) with *id.*, § 654.3, subd. (f).) The reason for the discrepancy is not immediately apparent.

8

"The prosecuting attorney has the sole discretion to file a petition under section 602." (Cal. Rules of Court, rule 5.520(a); see also §§ 650, subd. (c), 653.5, subd. (c), 655, subd. (a).)

Finally, the crucial statute provides that if "the minor is not in custody and is already a ward of the court or a probationer under Section 602," the prosecuting attorney must institute proceedings within five judicial days, "unless it appears to the prosecuting attorney that the affidavit was not properly referred or that the offense for which the minor was referred requires additional substantiating information . . . ." (§ 653.5, subd. (d).) With respect to all other minors, there is no statutorily specified time limit for the prosecuting attorney to file a petition under section 602.

3.    *Discussion.*

The five-day time limit uses the word "shall," but, as the minor concedes, this is not dispositive.[5] Instead, we begin with the presumption that a statutory time limit is directory. Moreover, the statute does not provide any penalty or other consequence for failure to comply with the five-day time limit, a strong indication that it is merely directory. We therefore look to whether there is evidence of a contrary legislative intent.

The five-day time limit was first enacted in 1986 (Stats. 1986, ch. 757, § 3, pp. 2476–2477; cf. Stats. 1984, ch. 1412, § 9, pp. 4968–4969), as part of the California Juvenile Probation Revocation Procedural Act (Act). (Stats. 1986, ch. 757, § 1, p. 2476.)

---

[5] For this reason, the trial court erred by deciding the question based exclusively on the presence of the word "shall."

The Act includes an uncodified statement of legislative intent, which, as relevant here, says: "The Legislature hereby finds and declares that probation officers supervising juvenile court wards have an essential responsibility to protect the residents of their communities within the state by assisting in the reduction of the risks posed to the public by juvenile offenders under their supervision. The Legislature also finds and declares that *these probation officers have a responsibility to the public to bring repeat offenders and probation violators under their supervision to the attention of the courts in a timely and judicious manner for purposes of maintaining accountability*." (Stats. 1986, ch. 757, § 2, p. 2476, italics added.) Presumably this is the purpose of the five-day time limit; it explains why the five-day time limit applies only to out-of-custody wards and probationers. Notably, however, the Legislature delegated the responsibility for timeliness to probation officers; its statement of intent does not even mention prosecuting attorneys.

Even more important, the five-day limit provides for an exception when the prosecuting attorney believes that "the offense . . . requires additional substantiating information . . . ."[6] In that case, there is no statutory time limit at all. Thus, the five-day limit is expressly subordinated to the prosecutor's judgment about whether the case is ready to file. The minor argues that, in this case, there is no evidence that the prosecuting

---

[6] In this event, the prosecuting attorney must "immediately notify the probation officer of what further action he or she is taking." (§ 653.5, subd. (d).) This reinforces our view that bringing such minors to the attention of the courts in a timely manner is primarily the responsibility of the probation officer.

10

attorney delayed specifically *because* it appeared to him that the offense required additional substantiating information.  Nevertheless, as the Legislature allowed the five-day time limit to be overcome simply by a prosecutor's opinion to this effect, evidently it did not intend it to be a significant constraint on prosecutors.

This points to a broader problem with the minor's position, which is that the Act does not require the date when the prosecutor receives the affidavit to be memorialized in any way.  And while the prosecutor's office may well keep a record of this date (e.g., to ensure compliance with the Act), the Act does not require that the date be revealed to the minor.  In this respect, the five-day time limit is significantly different from a time limit that runs from a readily apparent date, such as the filing of a document or the entry of an order; the minor has no way of knowing, at least in the ordinary course of business, whether the five-day time limit has been violated.  This suggests that the Legislature did not intend to let a minor use a violation as the basis of a motion for dismissal.

In addition, any time the five-day time limit applies — i.e., any time the minor is already a ward of the court or a probationer — any new offense could be dealt with by filing a notice of probation violation (§ 777, subd. (a)(2); see also *In re Eddie M*. (2003) 31 Cal.4th 480, 486), instead of a section 602 petition.  Admittedly, the five-day time limit requires the prosecutor to "institute proceedings" within five days; arguably, this applies to a notice of probation violation as well as to a section 602 petition.  However, unlike a subsequent petition, a notice of probation violation can be filed by the probation officer (§ 777, subd. (a)(2)), who is not subject to the five-day time limit.  The minor

11

concedes that the five-day time limit did not bar the People from filing a notice of probation violation against him. Given this loophole, we fail to see what would be accomplished by holding that a petition under section 602 is barred.

Admittedly, a time limit may be deemed mandatory when it is just one of a set of statutory deadlines, and "all of the deadlines form an intricately balanced or interconnected timing scheme." (*Kabran v. Sharp Memorial Hospital*, *supra*, 2 Cal.5th at p. 344.) The minor argues that that is the case here. He points to the following provisions:

1. As mentioned, a probation officer who receives an affidavit must "immediately make any investigation he or she deems necessary to determine whether proceedings in the juvenile court shall be commenced." (§ 653.5, subd. (a).)

2. Also as mentioned, if the minor is presumptively ineligible for informal probation, the probation officer must send any affidavit to the prosecuting attorney within 48 hours. (§ 653.5, subd. (c).)

3. If the minor is in temporary custody and the probation officer determines that the minor should be retained in custody (§ 628, subd. (a)), the probation officer must "*immediately* . . . cause the filing of a petition . . . ." (§ 630, subd. (a).)

4. When the minor is taken into custody, a petition must be filed within 48 hours (not counting nonjudicial days); otherwise, the minor must be released. (§ 631, subds. (a), (b); Cal. Rules of Court, rule 5.752(b).)

5.  If the minor is in custody, a detention hearing must be held "as soon as possible." (§ 632, subds. (a), (b).) In some cases, the outside limit is "the next judicial day after a petition . . . has been filed . . . ." (§ 632, subd. (a); Cal. Rules of Court, rule 5.752(f).) In all other cases, the outside limit is 48 hours after the minor was taken into custody. (§ 632, subd. (b); Cal. Rules of Court, rule 5.752(e).) If a detention hearing is not timely held, the minor must be released from custody. (§ 632, subd. (c).)

"Immediately" and "as soon as possible," however, are not finite deadlines. They are vague exhortations to speed. As such, they are perfectly consistent with our conclusion that the five-day time limit is directory rather than mandatory.

In addition, the time limits that apply to minors who are already in custody are designed to protect the minor's fundamental interest in liberty; they ensure that the minor is not kept in custody indefinitely without a prompt judicial finding of necessity and probable cause. (See §§ 635, subds. (a), (b), & (c), 636, subd. (a); see also *Alfredo A. v. Superior Court* (1994) 6 Cal.4th 1212, 1232 [lead opn. of Lucas, C.J.].) Moreover, the Legislature has explicitly provided a consequence if these time limits are violated — the minor is entitled to be released. The five-day time limit, which applies only when the minor is *not* in custody, and which provides no consequence for a violation, is simply not part of this scheme.

It may appear that we are drawing the teeth of the five-day time limit, leaving it unenforceable. But not so. "Statutory time limits are usually deemed to be directory [citation], but even directory time limits may be enforced by a writ of mandate

13

compelling the agency to act [citations]." (*Sunset Drive Corp. v. City of Redlands* (1999) 73 Cal.App.4th 215, 223; see also *California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1146.)  Thus, an aggrieved person could use the five-day time limit as a sword, by asking a court to compel the district attorney's office to comply with it.  However, such a person cannot use it as a shield against a section 602 petition.

We therefore conclude that the five-day time limit is directory only and that the trial court erred by dismissing the subsequent petition.

III

DISPOSITION

The judgment is reversed.

CERTIFIED FOR PUBLICATION

RAMIREZ _____

P. J.

We concur:

McKINSTER _____

J.

MILLER _____

J.

14