Filed 4/1/26  In re D.P. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re D.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>D.P.,<br><br>    Defendant and Appellant. | F089400<br><br>(Super. Ct. No. JJD075007)<br><br>**OPINION** |

### THE COURT\*

APPEAL from an order of the Superior Court of Tulare County.  Sara Bratsch, Judge.

Candice L. Christensen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and Paul E. O'Connor, Deputy Attorneys General, for Plaintiff and Respondent.

---

\*        Before, Levy, Acting P. J., Peña, J. and DeSantos, J.

Minor D.P. contends on appeal that the disposition order must be vacated and the matter remanded because the juvenile court erred when it imposed an unauthorized sentence by applying his 471 days of predisposition custody credit to his three year four month maximum term of imprisonment,[1] rather than his 12-month commitment to juvenile hall. Minor further argues that the court's error violated his right to a fair hearing pursuant to the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution. (U.S. Const., 5th &14th Amends.; *Estelle v. McGuire* (1991) 502 U.S. 62.) The People disagree and argue as a threshold issue that minor forfeited the claim by failing to raise it below. We affirm.

## PROCEDURAL SUMMARY

On July 3, 2023, a juvenile wardship petition was filed in Tulare County Superior Court, pursuant to Welfare & Institutions Code section 602,[2] alleging minor committed driving a vehicle without consent (Veh. Code, § 10851, subd. (a); count 1); receiving a stolen motor vehicle (Pen. Code, § 496d, subd. (a); count 2); and possession of burglary tools (Pen. Code, § 466; count 3).

On August 10, 2023, the juvenile court held a contested jurisdiction hearing. The court found the allegations to be true.

---

[1]     The parties' briefs refer to the "maximum term of confinement." However, "maximum term of confinement" is the term used in Welfare and Institutions Code section 875 specifically for minors committed to a Secure Youth Treatment Facility (SYTF). However, the terms "maximum term of confinement" in section 875 and " 'maximum term of imprisonment' " defined in Welfare and Institutions Code section 726, subdivision (d)(2) are synonymous, as discussed below. (§§ 726, subd. (d)(2), 875.) Accordingly, because minor was not committed to a SYTF, we use the term " 'maximum term of imprisonment' " as defined in section 726 instead of "maximum term of confinement."

[2]     All statutory references are to the Welfare and Institutions Code unless otherwise noted.

On August 16, 2023, a subsequent wardship petition was filed, alleging minor committed petty theft (Pen. Code, § 484, subd. (a); count 1); and resisting a peace officer (Pen. Code, § 148, subd. (a)(1); count 2).

On August 24, 2023, the juvenile court held a disposition hearing. The court declared minor a ward of the court and committed him to the short-term program.

On October 12, 2023, the juvenile court held a contested jurisdiction hearing on the subsequent wardship petition. The court found the allegations to be true.

On October 26, 2023, the juvenile court recommitted minor to the short-term program.

On November 22, 2023, a notice of violation of probation was filed.

On December 8, 2023, the juvenile court found minor violated probation. The court reinstated probation and ordered minor to continue in the short-term program.

On March 15, 2024, minor was released to his father's custody.

On April 5, 2024, the probation department was informed minor's father was deceased. Shortly after, minor began residing with his sister.

On June 25, 2024, a second notice of violation of probation was filed.

On July 3, 2024, minor admitted violating probation.

On August 5, 2024, a third notice of violation of probation was filed. The notice stated minor's sister was in fear for her life when minor was present and she no longer wanted him to reside at her home.

On August 7, 2024, minor admitted violating probation. The juvenile court ordered probation to look into alternative placement for minor.

On August 21, 2024, the juvenile court continued minor as a ward in custody of the probation department for out-of-home placement. Minor was approved for a "Short-Term Residential Treatment Program" (STRTP) and began the program soon after.

On September 19, 2024, a fourth notice of violation of probation was filed. The notice included an allegation that minor left the STRTP without permission.

On October 23, 2024, the juvenile court found the violations of probation to be true.

On November 6, 2024, the juvenile court held a disposition hearing. The court ordered minor to the short-term program for 180 days.

On December 23, 2024, a fifth notice of violation of probation was filed, alleging minor failed to comply with the rules and regulations of the short-term program.

On January 29, 2025, the juvenile court found the allegations of the violation of probation to be true. The probation report recommended that minor be placed in the mid-term program. The probation report stated that minor's maximum term of imprisonment for his petitions, aggregated, was three years four months, with 471 days of predisposition custody credit for time served.

On February 5, 2025, the juvenile court found that the maximum term of imprisonment, based on the aggregate of all of minor's sustained petitions, was three years four months, with 471 days of predisposition custody credit. The court committed minor to the mid-term program, which included 12 months in juvenile hall.

On February 26, 2025, minor filed a notice of appeal.

## DISCUSSION[3]

Minor contends the juvenile court abused its discretion when it imposed an unauthorized sentence by applying minor's 471 days of predisposition custody credit to his maximum term of imprisonment of three years four months, rather than to his 12-month commitment to juvenile hall. Minor further argues that the court's error violated his right to a fair hearing pursuant to the due process clause of the Fifth and

---

[3] We omit the facts underlying minor's petitions, as they are irrelevant to minor's appeal.

4.

Fourteenth Amendments to the United States Constitution.  (U.S. Const., 5th & 14th Amends.; *Estelle v. McGuire*, *supra*, 502 U.S. 62)  The People disagree, and as a threshold issue, argue minor forfeited the issue by failing to raise the issue below.  We agree with the People.

### A.     Background

At the February 5, 2025 disposition hearing, the juvenile court stated minor's maximum term of imprisonment was three years four months, less 471 days of predisposition custody credit, and committed him to the mid-term program, which included a 12-month placement in juvenile hall, stating,

> "The petition before the [c]ourt with the terms of all previously sustained petitions known to the [c]ourt aggregated is three years … four months less 471 days credit.  [Minor] is committed to 12 months of juvenile [h]all, and is remanded forthwith."

The juvenile court continued,

> "Continuance in [minor]'s home is contrary to [minor]'s welfare, with credit for 471 days.  [¶]  …  [¶]  [Minor] is committed to the care, custody, and control of the probation department for placement and the County Juvenile Mid[-]term Program for a period of 12 months."

### B.     Law

In 2020, the " 'Legislature passed "juvenile justice realignment" through Senate Bill No. 823 (2019–2020 Reg. Sess.) (Stats. 2020, ch. 337) [(Senate Bill 823)].' " (*In re M.B.* (2024) 99 Cal.App.5th 435, 448.)  Senate Bill 823 overhauled juvenile wardship law by closing the Division of Juvenile Justice (DJJ) and transferring jurisdiction over youthful offenders to counties, with the stated purpose of ensuring the minors are closer to their families and communities and receive age-appropriate treatment.  (§ 736.5; Sen. Bill 823; Stats. 2020, ch. 337, § 1; *In re T.O.* (2022) 84 Cal.App.5th 252, 262–263; *In re Miguel C.* (2021) 69 Cal.App.5th 899, 907.)

***Current Juvenile Law***

Section 202 provides:

> "Minors under the jurisdiction of the juvenile court as a consequence of delinquent conduct shall, in conformity with the interests of public safety and protection, receive care, treatment, and guidance that is consistent with their best interest, that holds them accountable for their behavior, and that is appropriate for their circumstances. This guidance may include punishment that is consistent with the rehabilitative objectives of this chapter." (§ 202, subd. (b).)

Section 725.5 provides:

> "In determining the judgment and order to be made in any case in which the minor is found to be a person described in [s]ection 602, the court shall consider, in addition to other relevant and material evidence, (1) the age of the minor, (2) the circumstances and gravity of the offense committed by the minor, and (3) the minor's previous delinquent history." (§ 725.5.)

*Section 726: Maximum Term of Imprisonment*

Section 726, subdivision (d)(1) provides that, "[i]f the minor is removed from the physical custody of the minor's parent or guardian as the result of an order of wardship made pursuant to [s]ection 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the middle term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court." (§ 726, subd. (d)(1).)

Section 726, subdivision (d)(2) provides, "[a]s used in this section … 'maximum term of imprisonment' means the middle of the three time periods set forth in paragraph (3) of subdivision (a) of [s]ection 1170 of the Penal Code, but without the need to follow the provisions of subdivision (b) of [s]ection 1170 of the Penal Code or to consider time for good behavior or participation pursuant to [s]ections 2930, 2931, and 2932 of the Penal Code, plus enhancements which must be proven if pled." (§ 726, subd. (d)(2).)

6.

Section 726, subdivision (d)(3) provides, "[i]f the court elects to aggregate the period of physical confinement on multiple counts or multiple petitions, including previously sustained petitions adjudging the minor a ward within [s]ection 602, the 'maximum term of imprisonment' shall be the aggregate term of imprisonment specified in subdivision (a) of [s]ection 1170.1 of the Penal Code, which includes any additional term imposed pursuant to [s]ection 667, 667.5, 667.6, or 12022.1 of the Penal Code, and [s]ection 11370.2 of the Health and Safety Code." (§ 726, subd. (d)(3).)

"Thus, section 726 currently provides that if a minor is removed from a parent's physical custody, 'the order shall specify that the minor may not be held in physical confinement for a period in excess of the middle term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court.' (§ 726, subd. (d)(1).) This period includes the midterm for a given offense plus enhancements, and in calculating it the juvenile court may 'aggregate the period of physical confinement on multiple counts or multiple petitions, including previously sustained petitions adjudging the minor a ward within [s]ection 602.' (§ 726, subd. (d)(2)–(3).) ' "Physical confinement" ' includes 'placement in a juvenile hall … or in any institution operated by [DJJ].' (§ 726, subd. (d)(5).)" (*Ernesto L.* (2022) 81 Cal.App.5th 31, 39, fn. omitted.)

" '[M]aximum term of confinement' has the same meaning as 'maximum term of imprisonment,' as defined in … [s]ection 726[, subdivision (d)(2)]." (§ 875, subd. (c)(2).)

*Section 730:  Juvenile Hall Commitment*

Section 730 subdivision (a)(1) states that "[w]hen a minor is adjudged a ward of the court on the ground that they are a person described by [s]ection 602, the court … may commit the minor to the county juvenile hall." (§ 730, subd. (a)(1).) Pursuant to subdivision (a)(2) of section 730, "[a] court shall not commit a juvenile to any juvenile

7.

facility for a period that exceeds the middle term of imprisonment that could be imposed upon an adult convicted of the same offense." (§ 730, subd. (a)(2).)

*Juvenile Predisposition Custody Credits*

"In a juvenile delinquency proceeding, 'a minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing. [Citations.] It is the juvenile court's duty to calculate the number of days earned, and the court may not delegate that duty. [Citations.]' [Citation.] '[W]hen a juvenile court elects to aggregate a minor's period of physical confinement on multiple petitions …, the court must also aggregate the predisposition custody credits attributable to those multiple petitions.' " (*In re A.M.* (2014) 225 Cal.App.4th 1075, 1085–1086; see *In re Eric J.* (1979) 25 Cal.3d 522, 536.)

*Standard of Review*

The standard of review in juvenile commitment decisions is abuse of discretion. (*In re Joey G.* (2012) 206 Cal.App.4th 343, 346.) A juvenile " 'court abuses its discretion when the factual findings critical to its decision find no support in the evidence.' " (*In re Khalid B.* (2015) 233 Cal.App.4th 1285, 1288.) The appellate court " 'must indulge all reasonable inferences to support the decision of the court and will not disturb its findings when there is substantial evidence to support them.' " (*In re Lorenza M.* (1989) 212 Cal.App.3d 49, 53.) " 'Substantial evidence' is evidence of ponderable legal significance, evidence that is reasonable, credible, and of solid value." (*Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 651.)

### C.    Analysis

Here, the juvenile court did not abuse its discretion when it applied minor's 471 days of predisposition custody credits to his maximum term of imprisonment of three years four months, rather than to his 12-month placement in juvenile hall.

As a threshold issue, the People argue minor forfeited the issue because the sentence was not unauthorized and minor failed to raise the issue below. However,

8.

regardless of whether minor forfeited the issue, we exercise our discretion to reach the issue on its merits. (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 [an appellate court has authority to reach a forfeited claim]; *People v. Crittenden* (1994) 9 Cal.4th 83, 146 [reviewing court may exercise discretion to consider forfeited claims to forestall ineffective assistance of counsel arguments].)

Minor argues that the juvenile court abused its discretion when it applied his 471 days of predisposition custody credits to his maximum term of imprisonment of three years four months, rather than to his 12-month placement in juvenile hall, because the sentence is unauthorized. He argues it is an unauthorized sentence because, "[b]ased on the concept of 'credit for time served,' the minor should not spend any additional time in juvenile hall," as the 471 days of predisposition custody credits is 106 days longer than the 12 months (365 days) the court committed him to juvenile hall.[4] However, minor overlooks relevant case law, as it is well established that " 'a minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing' " in a juvenile dependency proceeding. (*In re A.M.*, *supra*, 225 Cal.App.4th at p. 1085.) As stated above, the term "maximum term of confinement" is synonymous with "maximum term of imprisonment," as used in section 726, subdivision (d). Accordingly, the court did not abuse its discretion when it applied minor's 471 days of predisposition custody credits to his three year four month maximum term of imprisonment imposed pursuant to section 726, subdivision (d), rather than his 12-month juvenile hall placement. Further, as the court did not abuse its discretion when it applied minor's predisposition custody credits to the maximum term of imprisonment, it also did not violate the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.

---

[4]     471-365=106.

9.

## **DISPOSITION**

The disposition order is affirmed.